DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058

Attorneys for Plaintiffs
ERASIMO A. INZERILLO, ANGELA INZERILLO,
AND FRANCESCA INZERILLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERASIMO A. INZERILLO, ANGELA INZERILLO, AND FRANCESCA INZERILLO,<br><br>             Plaintiffs,<br><br>v.<br><br>GREEN TREE SERVICING LLC and DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' repeated violations of the following:  the Rosenthal Fair Debt Collection

---

VERIFIED COMPLAINT                                                    Page 1

Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff FRANCESCA INZERILLO.

3. Venue is proper in this district because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiffs are natural persons who reside in the County of Contra Costa, State of California and Plaintiff FRANCESA INZERILLO was obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff FRANCESCA INZERILLO is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is "debtor" as that term is defined by California Civil Code § 1788.2(h). Plaintiffs ERASIMO A. INZERILLO AND ANGELA INZERILLO are the parents of Plaintiff FRANCESCO INZERILLO.

6. Plaintiffs are informed and believe, and thereon allege, that Defendant GTS is a company operating from the City of St. Paul, State of Minnesota.

and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

8. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

9. At all times relevant, Plaintiffs are individuals residing within the State of California.

10. Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendants conducted business in the State of California.

11. Plaintiffs had obtained a loan from Bank of America or its assignor for the purpose of purchasing a single family home which Plaintiffs occupied. As such, this loan was a purchase money mortgage and Plaintiff had no personal liability under California Code of Civil Procedure 580(b).

12. Plaintiffs are informed and believe, and thereon allege, that before April 12, 2012, the alleged debt was

assigned, placed, or otherwise transferred, to Defendant GTS for servicing.

13. Defendant GTS began repeated calls to Plaintiffs on or about January 14, 2013. Defendant GTS calls at least 6 times a day and at all hours. They have also repeatedly called Plaintiff FRANCESCA INZERILLO'S parents and tenant. Plaintiff spoke to a Janelle with Defendant GTS on January 17, 2013 after she called Plaintiff's mother, she specifically told Janelle that her mother's name should not be associated with her account and needs to be removed. Janelle told Plaintiff if she doesn't receive payment on this account that she would change the locks on Plaintiff's house. Janelle wanted to know if the property was vacant, which Plaintiff disclosed that there were people living in the property. She wanted the tenant's name and telephone number so she can call them. She also wanted to know when the tenants were moving out so Defendant GTS could take ownership of the property.

14. As the days went by Defendant GTS called more and more. Defendant GTS also increased their phone calls to Plaintiff's parents. Plaintiff called GTS back after her mother told her they called her twice during that day. During one call Janelle transferred Plaintiff to her supervisor Renee Martinez. Renee demanded the name of Plaintiff's tenants so she could call them regarding the property. Renee told Plaintiff that if she

didn't pay the amount due by tomorrow January 30, 2013 that she would send an appraiser out to the house. Plaintiff asked if this person would disturb the occupants. Renee quickly responded, yes! Plaintiff told Renee that she was trying to do the right thing and thought that short selling the property would help her financial situation. Renee told Plaintiff she would never approve her short sale and that she was personally going to see that this property gets foreclosed on. Renee also demanded Plaintiff's realtors name, and since Plaintiff was at work she didn't have her phone number on hand. Renee told Plaintiff that she seems to be absent minded about a lot of things and hung up on her.

15. Later on that evening Plaintiff received a phone call from her tenant. She stated that she received a phone call from a Renee Martinez from Green Tree Mortgage trying to get in contact with Plaintiff regarding her mortgage. Her tenant responded to Renee that she has no way of contacting Plaintiff just has an email address. Green Tree has also contacted Plaintiff's tenant two other times, once on February 6, 2013 and on February 12, 2013. Janelle subsequently called her leaving messages for Plaintiff's tenant to contact her immediately.

16. These financial obligations were primarily for personal, family, or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

17. This collection call on this occasion was a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692b(3), 1692d, 1692e, 1692e(10), and 1692f, amongst others.

## SUMMARY

18. All of the above-described collection communications made to Plaintiffs and Plaintiff's tenant by Defendants and employees employed by Defendants, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the aforementioned provisions, amongst others.

19. The above-detailed conduct by these Defendants of harassing Plaintiffs in an effort to collect this debt was an invasion of Plaintiffs' privacy by an intrusion upon seclusion and by violating Plaintiffs' right to be let alone and has resulted in actual damages to Plaintiffs.

20. This series of abusive collection calls by Defendants and Defendants' employees caused Plaintiffs emotional distress.

21. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiffs and caused Plaintiffs unnecessary personal strain in their relationship with each other.

22. Plaintiffs have suffered actual damages as a result of these illegal collection communications from these Defendants in the form of anger, anxiety, emotional distress, fear,

frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### TRIAL BY JURY

23. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I

### (BY ERASIMO A. INZERILLO & ANGELA INZERILLO)

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

24. Plaintiffs ERASIMO A. INZERILLO AND ANGELA INZERILLO incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

26. As a result of each and every Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3), from each and every Defendant herein.

## COUNT II

### (BY ALL PLAINTIFFS)

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

28. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a)(emphasis added).

29. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

30. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiffs,

namely, by repeatedly contacting them and Plaintiff's tenant on this debt, and thereby invading Plaintiffs' right to privacy and to be let alone.

31. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

32. Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and private concerns or affairs.

33. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy against Plaintiffs by these Defendants which occurred in a way that would be highly offensive to a reasonable person in Plaintiffs' position.

34. As a result of such intrusions and invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

///
///
///

## COUNT III

### (BY ALL PLAINTIFFS)

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**§§ 1788-1788.32 (RFDCPA)**

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

37. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants for:

### COUNT I

### **(BY PLAINTIFFS ERASIMO A. INZERILLO & ANGELA INZERILLO)**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for Plaintiffs;

- for an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiffs.

## COUNT II

### (BY ALL PLAINTIFFS)

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined as trial and for Plaintiffs, and

- for such other and further relief as may be just and proper.

## COUNT III

### (BY ALL PLAINTIFFS)

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) in an amount to be adduced at trial against each and every Defendant and for Plaintiffs;

- for an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b) against each and every Defendant and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against each and every Defendant and for Plaintiffs.

DATED:  December 31, 2013         Respectfully submitted,

DELTA LAW GROUP



BY: _____
    JIM G. PRICE
    Attorneys for Plaintiffs
    ERASIMO A. INZERILLO,
    ANGELA INZERILLO &
    FRANCESCA INZERILLO

**VERIFICATION**

I, RONALD INZERILLO, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **VERIFIED COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _____ day of October, 2013, at Brentwood, California.

_____
RONALD INZERILLO

**VERIFICATION**

I, ANGELA INZERILLO, declare:

I am the Plaintiff in this action. I have read the foregoing document entitled: **VERIFIED COMPLAINT FOR DAMAGES** and know the contents thereof. The same is true of my own knowledge, except as to those matters stated therein on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this _____ day of October, 2013, at Brentwood, California.

_____
ANGELA INZERILLO