| | |
|---|---|
| 1 | MARY KATE SULLIVAN (State Bar No. 180203) |
| | mks@severson.com |
| 2 | AUSTIN B. KENNEY (State Bar No. 242277) |
| | abk@severson.com |
| 3 | SEVERSON & WERSON |
| | A Professional Corporation |
| 4 | One Embarcadero Center, Suite 2600 |
| | San Francisco, California 94111 |
| 5 | Telephone: (415) 398-3344 |
| | Facsimile: (415) 956-0439 |
| 6 | |
| 7 | Attorneys for Defendant |
| | GREEN TREE SERVICING LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| ERASIMO A. INZERILLO; ANGELA INZERILLO; and FRANCESCA INZERILLO,<br><br>Plaintiffs,<br><br>vs.<br><br>GREEN TREE SERVICING LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:13-cv-06010-MEJ<br><br>**DEFENDANT GREEN TREE SERVICING LLC'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS SUPPORTING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Filed concurrently with Notice of Motion; Points and Authorities; Declaration of Austin B. Kenney; Declaration of Christy Christensen; Declaration of Sara Bailey; [Proposed] Order<br><br>Date: December 4, 2014<br>Time: 10:00 a.m.<br><br>The Hon. Maria Elena-James, Ctrm. B<br><br>Action Filed: December 31, 2013<br>Supp. Comp. Filed: January 24, 2014<br>Sec. Am. Comp. Filed: February 25, 2014<br>Trial Date: April 20, 2015 |

# SEPARATE STATEMENT

Pursuant to the Court's Case Management Order dated April 17, 2014, defendant GREEN TREE SERVICING LLC ("Green Tree") hereby submits the following statement of undisputed material facts, together with references to supporting evidence, in support of Green Tree's Motion for Partial Summary Judgment:

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
| --- | --- |
| 1. Green Tree is a mortgage loan servicer. | Declaration of Christy Christensen ("Christensen Decl."), ¶ 3. |
| 2. In December 2011, Green Tree began servicing a mortgage loan plaintiff FRANCESCA INZERILLO obtained from Bank of America, referenced by Account No. 68320768. There were no co-borrowers on this loan. | Second Amended Supplemental Complaint ("Compl."), ¶¶ 7-8; Christensen Decl., ¶ 3. |
| 3. Francesca Inzerillo admits that she owed a debt to Green Tree and that she had an expectation that Green Tree would call her to try to secure payment of her debt. | Declaration of Austin B. Kenney, Esq. ("Kenney Decl."), Ex. A ("Francesca Depo."), at 180:5, 182:12-15. |
| 4. Francesca Inzerillo stopped paying her mortgage in January 2013. | Christensen Decl., ¶ 9; Francesca Depo., at 37:11-17; 53:7-9. |
| 5. When Francesca Inzerillo failed to pay by the January 1 due date, Green Tree placed courtesy calls to remind her to make the payment due by the end of the grace period (January 15). | Christensen Decl., ¶ 9. |
| 6. Francesca Inzerillo failed to make her January 2013 mortgage payment by the end of the grace period. She never made another payment. | Christensen Decl., ¶ 10; Francesca Depo., at 53:10-12. |
| 7. After Francesca Inzerillo failed to make her January 2013 mortgage payment by the end of the grace period, Green Tree continued to call her in order to resolve her account. | Christensen Decl., ¶ 11. |
| 8. Most of the time Francesca Inzerillo did not answer or return Green Tree's calls. | Christensen Decl., ¶ 12; Francesca Depo., at 65:3-12. |
| 9. Plaintiffs ERASIMO A. INZERILLO AND ANGELA INZERILLO are the | Compl., ¶ 4. |

| | | |
|---|---|---|
| | parents of Francesco Inzerillo. | |
| 10. | Erasimo A. Inzerillo and Angela Inzerillo were not parties to Francesco Inzerillo's loan with Green Tree. | Christensen Decl., ¶¶ 6-7; *see* Compl., ¶ 4; Kenney Decl., Ex. B ("Erasimo Depo."), at 36:22-37:12; Ex. C ("Angela Depo."), at 39:19-40:7. |
| 11. | Erasimo A. Inzerillo and Angela Inzerillo have never had an open account with Green Tree or otherwise been indebted to Green Tree. Furthermore, Green Tree never attempted to collect a debt from Mr. and Mrs. Inzerillo or told them that they owed money to Green Tree. | Christensen Decl., ¶ ; Erasimo Depo., at 36:22-37:22; Angela Depo., at 39:19-40:17. |
| 12. | On December 12, 2011, Francesca Inzerillo gave Green Tree verbal authorization to contact Angela Inzerillo regarding the account. | Christensen Decl., ¶ 8; Ex. A. |
| 13. | On occasion, when Francesca Inzerillo did not answer or return Green Tree's calls, Green Tree reached out to third parties, including her parents and her tenant, Deborah Gavina, in order to locate her. | Christensen Decl., ¶ 13. |
| 14. | Third parties are typically located by "skip-tracing", which involves using an outside source or proprietary system to locate the contact by cross-referencing names, addresses or phone numbers believed to have been associated with the customer. Skip-tracing is a commonly-used method in the industry to locate third-party contacts. | Christensen Decl., ¶ 14. |
| 15. | Most of the time, Francesca Inzerillo's parents and tenant did not answer or return Green Tree's calls. In fact, Erasimo and Angela Inzerillo ignored most of the calls they received. | Christensen Decl., ¶ 15; *see* Angela Depo., 17:11-18:1. |
| 16. | Francesca Inzerillo's parents and tenant never verified Francesca Inzerillo's location information for Green Tree. | Christensen Decl., ¶ 15. |
| 17. | Erasimo A. Inzerillo and Angela Inzerillo denied that the content of any of Green Tree's communications with them was offensive. | Erasimo Depo., at 63:25-64:14; Angela Depo., at 23:16-19, 48:2-8. |

| | | |
|---|---|---|
| 18. | On February 21, 2013, Francesca Inzerillo advised Green Tree that she was represented by counsel. Green Tree immediately placed a temporary hold on her account until it could verify her representation, which it did five days later. | Christensen Decl., ¶ 16. |
| 19. | Green Tree has not placed any calls to Francesca Inzerillo, her parents or her tenant since February 21, 2013. | Christensen Decl., ¶ 16; *see* Francesca Depo., at 56:4-12, 57:16-58:14, 162:1-3. |
| 20. | Each of Green Tree's employees responsible for collecting delinquent accounts (generally referred to collectively as "Collectors", but including managers and directors at all levels) undergoes significant training and supervision in the performance of their work. | Christensen Decl., ¶ 17. |
| 21. | The initial training provided to the Collectors consists of approximately one week in a classroom environment where dedicated personnel from the company's Compliance Department instruct the Collectors on such matters as how to use proprietary collection systems (like Green Tree's telephone and computer systems), the manner in which communications with customers and third parties should be conducted, the proper documentation of communications related to accounts, the content of the Rosenthal Act and its federal counterpart, the loss mitigation process as it relates to customer accounts, general legal compliance, and Green Tree's policies and procedures related to each of these subject matters. This training includes interactive mentoring and testing on training materials. | Christensen Decl., ¶ 18. |
| 22. | Collectors receive follow-up training and testing on the same subjects covered in the initial session within 30 days. They—like all company employees—are also provided a hard copy training manual broken down into "modules," which covers all subjects addressed in the initial training. Employees can also access the training materials, as well as the company's policies and procedures, online. They are actually expected to do | Christensen Decl., ¶ 19. |

| | | |
|---|---|---|
| | so if they have a question regarding handling of a particular account. | |
| 23. | Following the initial training session, new Collectors undergo on-the-job training, called "side-by-sides," during which Collectors "shadow" (i.e., work one-on-one with) Lead Collectors or Collection Managers to field and place calls on their accounts. This training also includes interactive mentoring by the senior employees regarding protocols for handling accounts. | Christensen Decl., ¶ 20. |
| 24. | Established and veteran employees companywide perform ongoing training via online "modules" covering various topics including, without limitation, the following: fair lending/servicing practices; money laundering; FCRA compliance; OFAC (Office of Foreign Assets Control) regulations; mortgage fraud; CFPB regulations; privacy issues; corporate principles; and FDCPA/State collection law compliance. This training occurs annually, with two or three modules required to be completed per quarter. Employees are reviewed on a "Pass/Fail" basis—i.e., they cannot progress until they pass each module. Managers (including Regional Managers) receive the same annual training as junior employees. | Christensen Decl., ¶ 21. |
| 25. | Periodic progress reports are generated by the company's Compliance Department and sent to Regional and Collection Managers to monitor employees' job performance and compliance with training requirements. Employees in the Collections Department also have monthly quality assurance reviews with their supervisors to discuss their performance and areas for improvement. These reviews may be based in part on records of calls that are monitored or recorded by Green Tree—in compliance with state and federal laws—for quality assurance purposes. Additionally, employees' collection activities are subject to audit by Green Tree's Compliance Department at any time. The audits generally occur at random throughout the year. Employees | Christensen Decl., ¶ 22. |

11293.0329/3482689.1     4     3:13-cv-06010-MEJ

DEFENDANT GREEN TREE SERVICING LLC'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS SUPPORTING MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| | determined to have committed violations of company policies and procedures are disciplined accordingly. Although they haves changed over time, the monitoring system and auditing process were and are used as training tools, and employees are made aware of their use in this regard. | |
| 26. | Several of the employees involved with Francesca Inzerillo's account, including Janelle Hernandez and Renee Martinez, had long work histories in the area of customer service and/or debt collection prior to their employment with Green Tree. | Christensen Decl., ¶ 23; Kenney Decl., Ex. D ("Hernandez Depo."), at 6:13-7:2; Ex. E ("Martinez Depo."), at 5:21-6:7; Ex. F ("Glenn Depo."), at 14:4-22; Ex. G ("Martin Depo."), at 9:24-11:5. |
| 27. | None of the employees involved with Francesca Inzerillo's account were involved in incidents of harassment or customer abuse before they were hired by Green Tree or otherwise exhibited a history of unlawful debt collection activity during their experiences in the industry. | Christensen Decl., ¶ 24. |
| 28. | None of Green Tree's employees possessed any particular qualities when they were hired that would have put Green Tree on notice of a tendency to violate the law. | Christensen Decl., ¶ 25. |
| 29. | Janelle Hernandez and Renee Martinez received training substantially consistent with the foregoing summary, as did the other employees involved with Francesca Inzerillo's account. | Christensen Decl., ¶ 26. |
| 30. | Green Tree was never made aware of any actual or alleged offensive conduct by Janelle Hernandez, Renee Martinez, or any of its other employees who worked on Francesca Inzerillo's account until this lawsuit was filed. | Christensen Decl., ¶ 27. |
| 31. | Each Plaintiff has denied having any information or knowledge about how Green Tree trains and supervises its employees. | Francesca Depo., at 188:21-189:7; Erasimo Depo., at 66:18-67:5; Angela Depo., at 49:21-50:3. |
| 32. | Each Plaintiff has denied having any information or knowledge about Green Tree's internal policies and procedures or | *See* Francesca Depo., at 188:21-25; Erasimo Depo., at 67:9-12; Angela Depo., at 50:18-21. |

| | | |
|---|---|---|
| | training methods. | |
| 33. | Each Plaintiff has denied having any information or knowledge that any of Green Tree's employees involved with Francesca Inzerillo's account were unfit to perform their job duties. | Francesca Depo., at 190:17-21; Erasimo Depo., at 67:6-8; Angela Depo., at 50:4-17. |
| 34. | None of the Plaintiffs ever specifically complained to Green Tree about any of its employees' alleged conduct prior to initiating this lawsuit. | Christensen Decl., ¶ 28. |
| 35. | In or about late May 2014, Green Tree received notice of a dispute by Francesca Inzerillo regarding information Green Tree reported to the major credit bureaus in connection with her account. Specifically, Francesca Inzerillo disputed the current balance reported by Green Tree: $359,282.00 as of March 31, 2014. Ms. Inzerillo contended that the reporting should reflect a $0 balance because the subject property had been sold at a foreclosure sale in October 2013. | Declaration of Sara Bailey ("Bailey Decl."), ¶ 5. |
| 36. | Upon receipt of Francesca Inzerillo's credit dispute, a Green Tree employee reviewed information related to Francesca Inzerillo's account, including previous service request history, credit bureau dispute history, payment history, account change history and other miscellaneous information regarding the disposition of the subject property, including whether or not the property had been sold in foreclosure and subsequently re-sold. Each of these records is made at or about the time of the information reflected therein by Green Tree employees in the regular course of their duties, and the information therein contained comprise business records regularly relied upon by Green Tree with regard to that information. | Bailey Decl., ¶¶ 6-7. |
| 37. | The account status as shown in the credit bureau dispute history for Green Tree accounts is reflected by "Payment History Codes." Each code is a unique number which reflects specific information regarding the status of the account. The credit bureau dispute history for Francesca | Bailey Decl., ¶ 8. |

| | | |
|---|---|---|
| | Inzerillo's account reflected that, as of April 30, 2013, the account status was "Foreclosure" (Code 87) because a non-judicial foreclosure was pending. As of October 31, 2013, the status was changed to "Repo" (Code 96) because the property was awaiting re-sale in Green Tree's Repossession Department. The account remained open, and the status was reported to the credit bureaus accordingly. The status remained "Repo" as of May 31, 2014. | |
| 38. | On June 6, 2014, Green Tree sent an Automated Universal Dataform ("AUD") to the credit bureaus to reflect that Francesca Inzerillo's account was in dispute. The AUD reflected a current balance of $359,282.00, and the account status showed as "96" (for "Repo"), stating "Merchandise was repossessed by credit grantor; there may be a balance due". | Bailey Decl., ¶ 9; Ex. A. |
| 39. | On June 14, 2014, Green Tree sent a letter to Francesca Inzerillo to formally respond to her credit dispute. The letter states, in part, "A foreclosure sale has not yet been completed for the property associated with this account. Thus, you are still obligated for the debt under the terms of the enclosed account. Because the account is still undergoing the foreclosure process, the account remains open." The letter further stated that "the information reported regarding the above-referenced account is true and correct according to account records." | Bailey Decl., ¶ 10; Ex. B. |
| 40. | The foreclosure sale on Francesca Inzerillo's account had been completed as of October 4, 2013. | Bailey Decl., ¶ 11. |
| 41. | The statement in Green Tree's June 14, 2014 letter, "A foreclosure sale has not yet been completed…." was intended as a reference to the fact that the property was still awaiting re-sale post-foreclosure—not an intentional misstatement as to whether or not a foreclosure sale had occurred. | Bailey Decl., ¶ 11. |

| | | |
|---|---|---|
| 42. | The statement in Green Tree's June 14, 2014 letter that the "foreclosure process" was still pending was a true statement, based on the credit bureau dispute history for Francesca Inzerillo's account and Green Tree's reporting practices then in effect.  The same is true of the statement on the June 6 AUD, "Merchandise was repossessed by credit grantor; there may be a balance due." | Bailey Decl., ¶ 11. |
| 43. | On September 12, 2014 and October 13, 2014, Green Tree sent AUDs to the credit bureaus to reflect that the foreclosure was completed and the account closed as of October 13, 2014, reflecting a $0 balance and $0 payment due. | Bailey Decl., ¶ 12; Ex. C. |
| 44. | Francesca Inzerillo did not reside in California between November 2012 and September 2014.  She has not resided in California since approximately June 2009. She currently resides in Wilmington, Delaware. | Francesca Depo., at 18:10-18, 21:7-25, 46:1:25. |
| 45. | Francesca Inzerillo was employed while residing outside California. | Francesca Depo., at 18:19-23, 20:20-21:3, 22:15-17, 46:24-47:5. |

DATED: October 30, 2014          Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation


By:  /s/ Austin B. Kenney
         Austin B. Kenney

Attorneys for Defendant
GREEN TREE SERVICING LLC