DELTA LAW GROUP
A PROFESSIONAL LAW CORPORATION
JIM G. PRICE, ESQ., SBN 119324
6569 BRENTWOOD BOULEVARD
P.O. BOX 1417
BRENTWOOD, CA  94513
TELEPHONE:  925-516-4686
FACSIMILE:  925-516-4058

Attorneys for Plaintiffs
ERASIMO A. INZERILLO, ANGELA INZERILLO,
AND FRANCESCA INZERILLO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERASIMO A. INZERILLO, ANGELA INZERILLO, AND FRANCESCA INZERILLO, <br><br>     Plaintiffs, <br><br> v. <br><br> GREEN TREE SERVICING LLC and DOES 1 through 20, inclusive, <br><br>     Defendants. | Case No. 3:13-cv-06010-MEJ <br><br> **PLAINTIFFS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> [Filed Concurrently With: <br> (1)  Controverting Statement of Facts; <br> (2)  Declaration of Jim G. Price, Esq.; <br> (3)  Declaration of Angela Inzerillo; and <br> (4)  Declaration of Francesca Inzerillo] <br><br> Date:  December 4, 2014 <br> Time:  10:00 a.m. <br> Judge: Hon. Maria Elena-James |

# **TABLE OF CONTENTS**

Page

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

III.  LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

IV.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

A.  DEFENDANT DID NOT HAVE A QUALIFIED ECONOMIC
PRIVILEGE TO INVADE THE PRIVACY OF PLAINTIFF
FRANCESCA INZERILLO. . . . . . . . . . . . . . . . . . . . . . . . . . .   3

B.  GREEN TREE INVADED THE PRIVACY OF AN ELDERLY
COUPLE WHO DID NOT EVEN OWE A DEBT. . . . . . . . . . .   5

C.  DEFENDANT HAD ADMITTED THAT PLAINTIFF
FRANCESCA INZERILLO IS A DEBTOR DEFINED IN
THE CALIFORNIA ROSENTHAL ACT. . . . . . . . . . . . . . . . .   6

D.  DEFENDANT CANNOT RAISE FOR THE FIRST TIME
THE NEW MATTER OF PLAINTIFF FRANCESCA
INZERILLO'S RESIDENCE TO CHALLENGE THE
APPLICATION OF THE ROSENTHAL ACT. . . . . . . . . . . . . .   8

E.  THE PARTIES CONTRACTED THAT CALIFORNIA LAW
WOULD GOVERN THE DEBT GREEN TREE WAS
SERVICING. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

F.  THE QUESTION OF PLAINTIFF FRANCESCA
INZERILLO'S RESIDENCE IS A QUESTION OF FACT
WHICH PRECLUDES SUMMARY JUDGMENT . . . . . . . . . . .   9

G.  THE ROSENTHAL ACT APPLIES TO NON-CALIFORNIA
RESIDENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

H.  CERTAIN PROVISIONS OF THE ROSENTHAL ACT
PROTECT NON-DEBTORS PLAINTIFFS ERASIMO AND
ANGELA INZERILLO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

///

Page

I.     BY FAILING TO TRAIN AND SUPERVISE ITS EMPLOYEES
       TO COMPLY WITH THE ROSENTHAL ACT, DEFENDANT
       IS LIABLE TO PLAINTIFFS FOR NEGLIGENT TRAINING
       AND SUPERVISION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

J.     THE EVIDENCE GATHERED DURING DISCOVERY
       SUPPORT PUNITIVE DAMAGES ON THE FIRST AND
       THIRD CAUSES OF ACTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

V.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Title Ins. Co. v. Lacelaw Corp.*
    861 F.2d 224, 226 (9th Cir. 1988)................................. 7

*Arizona v. California*
    (2000) 530 U.S. 392, 410 ...................................... 8

*Baxter, Straw & Storrs Const. Co. v. Hammond MFG Co. et al.*
    154 F. 992 (N.D. Cal. June 3, 1907)............................. 9

*Bundren v. Super. Ct.*
    145 Cal.App.3d 784 (1983) .................................... 4, 5

*Catsiftes v. Catsiftes*
    29 Cal.App.2d 207, 209-210 (Nov. 15, 1938)..................... 10

*Chavez v. Blue Sky Natural Beverage Co.*
    268 F.R.D. 365, 379 (N.D. Cal. 2010).......................... 11

*Delfino v. Agilent Technologies, Inc.*
    145 Cal.App.4th 790, 815 (2006)............................... 14

*Edeh v. Midland Credit Mgmt., Inc.*
    748 F. Supp. 2d 1030, 1037 (D. Minn. 2010)..................... 10, 11

*Evan F. v. Hughson United Methodist Church*
    8 Cal.App.4th 828, 836, 10 Cal.Rptr.2d 748 (1992)............... 14

*Fausto v. Credigy Serv. Corp.*
    598 F. Supp. 2d 1049, 1056-1057 (N.D. Cal. Feb. 17, 2009)......... 4, 16

*Fontenot v. Upjohn Co.*
    780 F2d 1190, 1194 (5th Cir. 1986)............................. 3

*Forcellati v. Hyland's Inc., et al.*
    876 F. Supp. 2d 1155, 1160.................................... 11

*Frank v. United States*
    577 F.2d 93, 97 (9th Cir. 1978)................................ 9

**Cases (Con.)**

Page(s)

*Inzerillo*
        2014 WL 1347175 at *3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Joseph v. J.J. Mac Intyre Companies, L.L.C.*
        281 F. Supp. 2d 1156, 1169 (N.D. Cal. 2003). . . . . . . . . . . . . . . . . . . . . . 4

*Mazza v. American Honda Motor Company, Inc.*
        666 F. 3d 581, 589-590, 591-592 (9th Cir. January 12, 2012) . . . . . . . . . 11

*McCann v. Foster Wheeler LLC*
        48 Cal.4th 68, 97 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*
        182 F3d 157, 160 (2nd Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Panahiasl v. Gurney*
        2007 WL 738642, at *3 (N.D. Cal. Mar. 8, 2007). . . . . . . . . . . . . . . . . . . 4

*Petition of OGanesoff*
        20 F.2d 978, 980 (S.D. Cal. June 23, 1927) . . . . . . . . . . . . . . . . . . . . . . . 9

*Peterson v. Superior Court of Ventura County*
        31 Cal.3d 147, 158 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Pollock v. Bay Area Credit Service, LLC*
        2009 WL 2475167 (S.D. Fla. Aug. 13, 2009). . . . . . . . . . . . . . . . . . . . . . 10

*Rasidescu v. Midland Credit Mgmt., Inc.*
        496 F.Supp.2d 1155, 1159 (S.D. Cal. 2007). . . . . . . . . . . . . . . . . . . . . . . 12

*Rowland v. JPMorgan Chase Bank, N.A.*
        2014 WL 992005 at *12 (N.D. Cal. Mar. 12, 2014). . . . . . . . . . . . . . . . . 4

*Sanchez v. Client Services, Inc.*
        520 F.Supp.2d 1149, 1164-65 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . 15, 16, 18

*Shannon v. Windsor Equity Group, Inc.*
        2014 WL  977899 at *10 (S.D. Cal. March 12, 2014). . . . . . . . . . . . . . . 13

*Sheffer v. Samsung Telecommunications America, LLC, et al.*
        2013 WL 7158343 at *3 (C.D. Cal. Dec. 16, 2013). . . . . . . . . . . . . . . . . 9

**Cases (Con.)**

Page(s)

*Shulman v. Group W Prods., Inc.*
    18 Cal. 4th 200, 231 (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*State Farm Mut. Auto Ins. Co. v. Campbell*
    538 U.S. 408, 422, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). . . . . . . .  11

*Turnbull v. Am. Broad. Cos.*
    2004 WL 2924590 (C.D. Cal., Aug. 19, 2004). . . . . . . . . . . . . . . . . .  5

*United States v. Knight*
    291 F. 129, 133 (D. Mont. August 1, 1923). . . . . . . . . . . . . . . . . . . . .  9, 10

*Wilkins  v. National Broadcasting Co.*
    71 Cal.App.4th 1066, 1076, 84 Cal.Rptr.2d 329 (1999). . . . . . . . . . . .  5

*Yu v. Signet Bank/Virginia*
    69 Cal.App.4th 1377, 1381. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**STATUTES**

United States Code
    Title 1.6C. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
    Title 15
        § 1692b . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13
        § 1692b(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12, 13, 15, 18
        § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12, 13
        § 1692j. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13
        § 1692k . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Cal. Civil Code
    § 1788.2(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6
    § 1788.2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 13
    § 1788.2(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7
    § 1788.2(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7
    § 1788.11(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15, 18
    § 1788.17. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13
    § 1788.18. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6
    § 1788.30. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Federal Rule of Civil Procedure
    Rule 8(b)(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8
    Rule 36(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

## OTHER AUTHORITIES

Fair Debt Collection Practices Act ("FDCPA"). . . . . . . . . . . . . . . . . . . . . . . .   12, 13

Restatement Second of Agency § 213. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

Rosenthal Act . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   *passim*

# I.

## **INTRODUCTION**

Green Tree Servicing LLC (hereinafter "Green Tree") brings it motion for partial summary judgment on many of the same grounds which were raised in its motion to dismiss. That motion was denied in large part, and subsequent discovery has not shown that the result should be any different on this motion.   In the Second Amended Supplemental Complaint plaintiffs state causes of action for : (1) Invasion of Privacy; (2) Violation of the Rosenthal Act; (3) Negligent Training and Supervision; (4) Violation of the Fair Credit Reporting Act; and (5) Violation of the Consumer Credit Reporting Agencies Act.  Defendant has raised some new arguments not previously raised in its motion to dismiss.  It argues that Erasimo and Angela Inzerillo lack standing under the Rosenthal Act because they are not debtors.  As briefed, there are certain provisions of the Rosenthal Act that also protect non-debtors. It also argues the Rosenthal Act does not apply to Francesca Inzerillo, claiming she is not a California resident. Defendant has previously admitted in this action that Francesca Inzerillo is defined as a debtor under the Rosenthal Act. Furthermore, California has sufficient significant contacts with Plaintiff Francesca Inzerillo's claims to apply the Rosenthal Act irregardless of residency. The parties also contracted in the deed of trust to apply California Law.

# II.

## **STATEMENT OF FACTS**

After struggling for years trying to save her home, Plaintiff Francesca Inzerillo made the painful decision to let it go if she could not get help.  By December 2012, she had decided that, if the servicer on her home loan, Green Tree, was not going to give her a loan modification which reduced her principal balance or approve a short sale, then Green Tree could take the house.  She

stopped making her mortgage payment in January 2013 and that month told Green Tree of her decision.

Green Tree would not hear of it. For the next two months, January and February 2013, Green Tree and its employees harassed Francesca Inzerillo unmercifully placing 98 telephone calls to her. Green Tree's own Collection Comment List shows 55 calls[1].  Controverting Statement of Facts (hereinafter "CSF"), ¶ 5.   In telephone calls with Plaintiff Francesca Inzerillo, Green Tree collectors threatened to change the locks on the house, send someone to the house who would disturb the tenant, and the Director of Collections told Ms. Inzerillo that she would personally see to it that her short sale was denied and the house foreclosed upon.  CSF, ¶¶ 48, 49, 50.

Green Tree did not stop at harassing Plaintiff Francesca Inzerillo. Even though Green Tree always had current contact information on Francesca Inzerillo its collectors called her elderly parents 17 times and her tenant 6 times. (Green Tree Collection Comment Log shows 12 calls to her parents, but again it may not reflect all of the calls). CSF, ¶ 5. Francesca Inzerillo was extremely embarrassed and humiliated when she learned of these calls.  Green Tree told her mother that Francesca was behind in payments.  CSF, ¶ 58.  Green Tree discussed the status of the property with Plaintiff's tenant, Deborah Gavina.  CSF, ¶¶ 13, 59.  The harassment by Defendant was so severe that it sent Plaintiff to the hospital.  Plaintiff had a three-day migraine headache and had to go to the emergency room for an injection.  She was then sent home where she recuperated through the next day.  CSF, ¶ 60.

---

[1] The Collection List probably does not accurately list all calls.  As Green Tree collector Janelle Hernandez testified at deposition, it was possible for collectors to make calls to borrowers without those calls being recorded in Green Tree's system. (See Exhibit "7" to Dec. of Jim G. Price, Esq., Hernandez Depo. at 26:1-6).

Plaintiffs Erasimo and Angela Inzerillo are the elderly parents of Francesca Inzerillo. Mr. Inzerillo is in poor health and has difficulty walking. He suffers from congestive heart failure, diabetes, and kidney failure. He is on dialysis three times a week and is always very tired and must get plenty of sleep. CSF, ¶ 54.  During the very first telephone call Green Tree made to these elderly Plaintiffs, Angela Inzerillo told the collector she knew nothing about the account and not to call their home. CSF, ¶ 55.  The telephone number Green Tree called was a stationary landline. Every time Green Tree rang the telephone this elderly couple would have to get out of their bed or chairs and go to the phone to see who was calling.  Many times the telephone calls woke Mr. Inzerillo out of the sleep he needed.  CSF, ¶ 56.

### III.

### <u>LEGAL STANDARD</u>

Since summary judgment cuts off a party's right to present its case to a jury,  the moving party  bears the heavy burden of demonstrating the absence of any triable issue of material fact. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n* 182 F3d 157, 160 (2nd Cir. 1999).  This requires the defendant to establish beyond controversy  every essential element of its defense. *Fontenot v. Upjohn Co.* 780 F2d 1190, 1194 (5th Cir. 1986).

### IV.

### <u>ARGUMENT</u>

#### A.  DEFENDANT DID NOT HAVE A QUALIFIED ECONOMIC PRIVILEGE TO INVADE THE PRIVACY OF PLAINTIFF FRANCESCA INZERILLO

Defendant's argument that it had a qualified economic privilege is a restatement of the argument made in its reply brief on its motion to dismiss. This Court ruled plaintiffs' complaint stated sufficient facts to state a claim for invasion of privacy, but that defendant could reassert

the privilege, if appropriate.  (Document No. 20, Order Re: Motion to Dismiss and Motion to Strike, page 7, lines 13-14 ).

In asserting its claimed privilege defendant relies heavily on the "one telephone call case" of *Bundren v. Super. Ct*. 145 Cal.App.3d 784 (1983). Defendant's  comparison of the specific threats made in this case to the beliefs formulated by the plaintiff herself in *Bundren* is a stretch. In *Bundren* the hospital's business office simply pressed plaintiff in a rude and insolvent manner for a payment arrangement while she was still in the hospital recuperating from surgery. It was the plaintiff who formed the belief she would be discharged if she did not make a payment commitment. The Court found there was a triable issue of fact as to whether defendant acted reasonably given plaintiff's delicate condition and vacate partial summary judgment.

In this case Plaintiff did not imagine what might happen if she did not pay. Defendant told her what would happen: that it would change the locks, send someone to the property and disturb the tenant, and that it would be personally seen to that her short sale was denied and the house foreclosed upon. CSF, ¶¶ 48, 49, 50.  No credible comparison can be made to the acts of Defendant in this case, and its 98 phone calls, to the Defendant in *Bundren* who in one call was rude and did not act reasonably in view of plaintiff's condition. This Court previously ruled that "repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion." (Document No. 20 Order RE: Motion to Dismiss and Motion to Strike, page 6) citing *Fausto v. Credigy*, 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009); *Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F. Supp. 2d 1156, 1169 (N.D. Cal. 2003); *Rowland v. JPMorgan Chase Bank, N.A.*, 2014 WL 992005, at *12 (N.D. Cal. Mar. 12, 2014); *Panahiasl v. Gurney*, 2007 WL 738642, at *3 (N.D. Cal. Mar. 8, 2007).

## B.  GREEN TREE INVADED THE PRIVACY OF AN ELDERLY COUPLE
## WHO DID NOT EVEN OWE A DEBT

In citing *Bundren v. Super Ct.* 145 Cal. App. 3d 784 (1983) with approval defendant accepts the standard that more caution must be shown when contacting an individual in the collection of a debt who is known to be in a delicate physical or emotional state.  Green Tree knew after the first call to Francesca's elderly mother that Angela and Erasimo Inzerillo did not want to be disturbed. Angela told the collector not to call her home again. Yet, Green Tree ignored Angela and Erasimo Inzerillo's request to be left alone, and instead Green Tree forcibly used them as pawns in their collection efforts, calling them 12 to 17 times.  CSF, ¶¶ 53, 55.

Defendant argues that a preliminary determination of offensiveness must be made, citing *Turnbull v. Am. Broad. Cos.,* No. CV-03-3554 SJO (FMOX), 2004 WL 2924590 (C.D. Cal., Aug. 19, 2004), but then fails to list the factors to be considered.  In *Turnbull*, at *13, citing *Wilkins v. National Broadcasting Co.*, 71 Cal.App.4th 1066, 1076, 84 Cal.Rptr.2d 329 (1999), the Court instructed that we should consider "the degree of intrusion, the context, conduct and circumstances surrounding the intrusion, the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded.

In this case, Green Tree intruded into the sanctity of the home of an elderly man with congestive heart failure and kidney failure.  Because Defendant called his stationary home phone, Defendant would force him out of his bed or chair to make the difficult walk to the phone to discover the call was from a debt collector he did not owe.  CSF, ¶¶ 54, 56.  Angela and Erasimo Inzerillo told Defendant in the first telephone call not to call their home again, so Green Tree clearly knew they were not to be disturbed.  Green Tree consciously disregarded this elderly couple's plea.  CSF, ¶ 55.

As the California Supreme Court quoted in *Shulman v. Group W Prods., Inc.* 18 Cal. 4th 200, 231 (1998) (cited with approved by Defendant):

> "[A] measure of personal isolation and personal control over the conditions of its abandonment is of the very essence of personal freedom and dignity, is part of what our culture means by these concepts.  A man whose home may be entered at the will of another, whose conversations may be overheard at the will of another, whose marital and familial intimacies may be overseen at the will of another, is less of a man, has less human dignity, on that account.  He who may intrude upon another at will is the master of the other and, in fact, intrusion is a primary weapon of the tyrant."  (Bloustein, *Privacy as an Aspect of Human Dignity:  An Answer to Dean Prosser* (1964) 39 N.Y.U. L.Rev. 962, 973-974, fn.omitted.)

## C.  DEFENDANT HAS ADMITTED THAT PLAINTIFF FRANCESCA INZERILLO IS A DEBTOR DEFINED IN THE CALIFORNIA ROSENTHAL ACT

Defendant in its motion for summary judgment argues that the Rosenthal Act is not applicable to Plaintiff Francesca Inzerillo. This argument comes after defendant has admitted, more than once, that Plaintiff is a "debtor" under the definition of that term as applicable for purposes of the Rosenthal Act.

California Civil Code §1788.2(a) begins the definition section of the Rosenthal Act by providing that the definitions set forth in this section are applicable for the purpose of this title.

California Civil Code §1788.2(h) states: " Except as provided in §1788.18, the term 'debtor' means a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person."

Defendant in its answer to the Second Amended Supplemental Complaint admitted at ¶  4 that " Borrower [Francesca Inzerillo] is a natural person from whom Green Tree sought to collect a consumer debt which was due and owing from plaintiff and is a 'debtor' as that term is defined by California Civil Code Section § 1788.2(h)."  (See Defendant's answer, Doc. #41).

Defendant also admitted in its answer at ¶ 6 the allegations of ¶ 6 of the Second Amended Supplemental Complaint that: "this action arises out of a 'consumer debt' and 'consumer credit' as those terms are defined by Cal. Civ. Code § 1788.2(f).  (See Defendant's answer, Doc. #41).

Judicial admissions have the effect of withdrawing the admitted fact from issue and wholly dispensing with the need for proof of the fact.  *American Title Ins. Co. v. Lacelaw Corp.* 861 F.2d 224, 226 (9th Cir. 1988).

After filing  its answer, Defendant then made the same admissions in discovery.  In Response to  Requests for Admissions Defendant admitted that:

Defendant is a "debt collector" as defined in California Civil Code §  1788.2(c).

Plaintiff Francesca Inzerillo's home loan which Defendant serviced was a "consumer credit transaction" and "consumer debt" as defined in California Civil Code § 1788.2(f).

While Defendant serviced Plaintiff's home loan Francesca Inzerillo was a "debtor" as defined in California Civil Code § 1788.2(h).

(See excerpts to Defendant's Responses to Plaintiffs' Requests for Admissions, Set One and Verification, Exhibit "10" to Declaration of  Jim G. Price, Esq.)

Matters admitted in response to Requests for Admissions are conclusive judicial admissions. Federal Rule of Civil Procedure, Rule 36(b).  The allegations of the 4th, 5th, and 6th paragraphs of the Second Amended Supplemental Complaint are admitted and no further proof is needed. The definitions Defendant admitted are applicable for the purpose of Title 1.6C, The Rosenthal Act. California Civil Code § 1788.2(h).

///

///

### D.  DEFENDANT CANNOT RAISE FOR THE FIRST TIME THE NEW MATTER OF PLAINTIFF FRANCESCA INZERILLO'S  RESIDENCE TO CHALLENGE THE APPLICATION OF THE ROSENTHAL ACT

Federal Rule of Civil Procedure, Rule 8(b)(1)(A) provides: *In General.* In responding to a pleading, a party must:  (A) state in short and plain terms its defenses to each claim asserted against it.

Defendant in its answer at Affirmative Defense # 8 raised the standing of Plaintiffs Erasimo and Angela Inzerillo to sue for violations of the Rosenthal Act, but did not raise any defense that the Rosenthal Act was not applicable to Plaintiff Francesca Inzerillo.

Now, on this motion Defendant attempts to take a position contrary to its previous admissions and assert an a new affirmative defense to the cause of action filed by Francesca Inzerillo for violations of the Rosenthal Act. Plaintiff does not know whether Defendant is asserting a lacking of standing or choice of law defense, and is therefore prejudiced in her ability to respond. One thing is clear: Defendant's decision to waive that defense was a conscious decision and not inadvertent. Defendant specifically admitted in its answer ¶¶ 4, 5, and 6 of the complaint. On asserting a belated affirmative defense, our Supreme Court in *Arizona v. California* (2000) 530 U.S. 392, 410 stated:  "[w]e disapprove the notion that a party may wake up because a "light finally dawned," years after the first opportunity to raise a defense.

Defendant has known for some time prior to the commencement of this action that Plaintiff Francesca Inzerillo has lived in states other than California.  This case was filed almost a year ago. During this past year Plaintiff has prepared this case based upon the pleadings and defenses asserted. Plaintiff has taken six depositions, traveling to Southern California twice. Defendant has taken the depositions of all of the Plaintiffs. Discovery is now closed.

///

### E.  THE PARTIES CONTRACTED THAT CALIFORNIA LAW WOULD GOVERN THE DEBT GREEN TREE WAS SERVICING

In *Yu v. Signet Bank/Virginia*, 69 Cal.App.4th 1377, 1381 the California Court, refusing to apply the Rosenthal Act, recognized that the contract was governed by Virginia and federal law.  In this case the parties contracted that it would be governed by California and federal law, so the Rosenthal Act applies.

The Deed of Trust provides in part:

> 16.  Governing Law; Severability; Rules of Construction.  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the property is located.

(Exhibit "B" to the Declaration of Francesca Inzerillo, Deed of Trust, page 12 of 18).

California strongly favors enforcement of **choice-of-law** provisions.  *Sheffer v. Samsung Telecommunications America, LLC, et al.,* No. CV 13-3466-GW (AJWx), 2013 WL 7158343 at *3 (C.D. Cal. Dec. 16, 2013).

### F. THE QUESTION OF PLAINTIFF FRANCESCA INZERILLO'S RESIDENCE IS A QUESTION OF FACT WHICH PRECLUDES SUMMARY JUDGMENT

Residence is a question of fact.  *Petition of OGanesoff*  20 F.2d 978, 980 (S.D. Cal. June 23, 1927);  *Baxter, Straw & Storrs Const. Co. v. Hammond MFG. Co. et. al*.  154 F. 992 ( N.D. Cal. June 3, 1907) ; *Frank v. United States,* 577 F.2d 93, 97 (9th Cir.1978)  (holding that  the determination of where one's home and legal residence is for tax purposes is a question of fact. )

Key to the factual determination of residence is the intent to return to a former residence.  A change of abode with present intent to return to the former abode upon the contemplated happening of an event in the indefinite future, as business dispatched, health recovered, employment ended, employer's recall, is not a change of residence or domicile. *United States v.*

*Knight* 291 F. 129, 133 (D. Mont. August 1, 1923); *Catsiftes v. Catsiftes* 29 Cal.App.2d 207, 209-210  (Nov. 15, 1938) (holding that the testimony clearly showed that the residence of the defendant and plaintiff was in the County of Merced, where defendant returned to the City of San Francisco, but that it was not her intention to move to San Francisco, but merely to remain there temporarily, and until her husband had regained his health.)

Plaintiff Francesca Inzerillo, a school teacher, was forced to leave her home State of California during the height of the great recession, so she could pay debt collectors, like Defendant.  She left behind her elderly parents and her only siblings. Since leaving this state in search of employment Plaintiff has had and continues to have the intent to return home.  CSF, ¶ 52.

Since she intends to return to California she maintains her cell phone number with a local California area code of (925).  This is the same phone number Defendant called  to harass her. She maintains her California Driver's License.  Ms. Inzerillo has also kept her California teaching credential current. She also has a library card for the Contra Costa County Library; she still receives mail in California; and her income tax returns are prepared in California. CSF, ¶ 52.

Finally, Plaintiff also owned a house in California until  Defendant foreclosed on it in October 2013.


G.  THE ROSENTHAL ACT APPLIES TO NON-CALIFORNIA RESIDENTS

Defendant cites two non-forum cases: *Edeh v Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1037 (D. Minn. 2010) and *Pollock v. Bay Area Credit Service, LLC*, No. 08-61101-CIV, 2009 WL 2475167 (S.D. Fla. Aug. 13, 2009) brought by Non-California residents.  In both of these cases the collection activities complained about did not even occur in California. In

*Edeh*, the plaintiff did complain of inaction of Midland's California employees, but the *Edeh* Court concluded the inaction of the California employees did not violate the Rosenthal Act. Therefore, the comment made by the *Edeh* Court that the Rosenthal Act protect Californians is dicta.  Defendant citing these cases concludes the Rosenthal Act does not apply to Non-California residents. The analysis is not that simple.  The issue presented is the extraterritorial application of California consumer protection laws.

It is a principle of federalism that "each State may make its own reasoned judgment about what conduct is permitted or proscribed within its borders." *Mazza v. American Honda Motor Company, Inc.* 666 F. 3d 581, 591-592 (9th Cir. January 12, 2012) citing *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 422, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). "California law also acknowledges that 'a jurisdiction ordinarily has 'the predominant interest' in regulating conduct that occurs within its borders...." *Mazza* at 592 citing *McCann v. Foster Wheeler LLC,* 48 Cal.4th 68, 97.

"Whether a nonresident plaintiff can assert a claim under California law is a constitutional question based on whether California has sufficiently significant contacts with the plaintiff's claims." *Forcellati v, Hyland's Inc., et. al.* 876 F. Supp. 2d 1155, 1160 citing *Mazza v. American Honda Motor Company, Inc.* 666 F. 3d 581, 589-590  (9th Cir. January 12, 2012) (noting that "[s]uch a showing is necessary to ensure that application of California law is constitutional").

In *Forcellati*, plaintiff alleged that defendants were headquartered in Los Angeles, California. The Court concluded that application of California law posed no constitutional concerns. Id. at 1160 citing  *Chavez v. Blue Sky Natural Beverage Co.,* 268 F.R.D. 365, 379 (N.D. Cal. 2010) ("Defendants are headquartered in California and their misconduct allegedly

originated in California. With such significant contacts between California and the claims

asserted by the class, application of the California consumer protection laws would not be

arbitrary or unfair to defendants.").  The burden was then on defendant to defeat the presumption

that California law applies and to "show a compelling reason justifying displacement of

California law." Id. at 1160 citing *Rasidescu v. Midland Credit Mgmt., Inc., 496 F.Supp.2d 1155,*

*1159 (S.D. Cal .2007).*

In this case Defendant committed all of the abusive collection acts (except the mailing of

several collection letters) from its facility in Rancho Cucamonga, California. CSF, ¶ 61.  From

that facility Defendant placed approximately 98 telephone calls to Plaintiff Francesca Inzerillo;

from that facility Defendant threatened to change the locks; from that facility Defendant called

15 times to Plaintiffs Erasimo and Angela Inzerillo, who reside in Antioch, CA; and from that

facility Defendant called 6 times to Plaintiff Francesca Inzerillo's tenant, who resided in Oakley,

CA.  California clearly has significant contact with the claims of Plaintiffs.

## H.  CERTAIN PROVISIONS OF THE ROSENTHAL ACT PROTECT  NON-DEBTORS PLAINTIFFS ERASIMO AND ANGELA INZERILLO

Plaintiffs Erasimo and Angela Inzerillo allege in the Second Amended Supplemental

Complaint at ¶ 27 that Defendant violated the Rosenthal Act by violating 15 USC §§ 1692b(3)

and 1692d.

Under the FDCPA a debt collector may not "engage in any conduct the natural

consequence of which is to harass, oppress, or abuse *any person* in connection with the

collection of a debt." 15 U.S.C. § 1692d (emphasis added).  A debt collector is also prohibited

from "communicating with *any person* other than the consumer for the purpose of acquiring

location information about the consumer. . . more than once unless requested to do so by such

person or unless the debt collector believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." <u>Id</u>. § 1692b(3) (emphasis added).

The Rosenthal Act has similar provisions, but the enforcement provision of the Rosenthal Act § 1788.30 at first glance appears to limit liability of debt collectors to debtors. A closer examination reveals, however, that  § 1788.17 provides that "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of §§ 1692b to 1692j. . . and shall be subject to the remedies in [15 U.S.C.] § 1692k[.]" *Shannon v. Windsor Equity Group, Inc.* , No. 12-cv-1124-W(JMA), 2014 WL 977899 at *10 (S.D. Cal. March 12, 2014)

Under California Civil Code § 1788.2(c), the term "debt collector"  includes any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection.  Defendant has admitted the allegation in ¶ 5 of the Second Amended Supplemental Complaint that it is a debt collector for purposes of the Rosenthal Act.

The Rosenthal Act requires debt collectors to comply with §§ 1692b(3) and 1692d of the FDCPA.  Those sections  are not limited to debtors but apply to "any person."  For this reason Plaintiffs Erasimo and Angela Inzerillo have standing to assert a claim under the Rosenthal Act, § 1788.17 for violating 15 USC 1692b(3) and 1692d and may seek the remedies in 15 USC § 1692k.  See <u>Id</u>. at *11.

///

///

///

///

I. BY FAILING TO TRAIN AND SUPERVISE ITS EMPLOYEES TO COMPLY
WITH THE ROSENTHAL ACT, DEFENDANT IS LIABLE TO PLAINTIFFS FOR
NEGLIGENT TRAINING AND SUPERVISION

"California law recognizes the theory that an employer can be liable for negligently hiring, supervising or retaining an unfit employee." *Inzerillo*, 2014 WL 1347175, at *3. California follows the Restatement Second of Agency § 213, rule which provides in pertinent part: 'A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless: ... [¶] (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others'. *Evan F. v. Hughson United Methodist Church,* 8 Cal.App.4th 828, 836, 10 Cal.Rptr.2d 748 (1992).

In *Delfino v. Agilent Technologies, Inc.*, 145 Cal.App.4th 790, 815 (2006), plaintiff alleged defendant knew the employee was using its computers to make cyber threats. Plaintiff's case failed, in part, because there was no evidence that defendant knew its employee was using its computer to make cyber threats. There were no facts presented suggesting that defendant knew or had reason to know that its employee was engaged in improper on-the-job conduct.

In this case Defendant conducted the activity of debt collecting. The State of California has a significant interest in assuring it is carried out in a fair and honest manner, and has instituted the the Rosenthal Act, which sets forth actions which may not be taken in the collection of debt. Defendant conducted its debt collection activities through its employees. As such, it is subject to liability for negligent training and supervision if it permitted those activities to be carried out by persons not properly trained in what action may or may not be taken in the collection of debt. If an employee is not properly trained in the laws that apply to debt collecting, then that person is improper to collect debt, as it involves a risk of harm to others. Green Tree's own Director of Collections, Rene Martinez, testified under oath that she had "never heard of

anything called the Rosenthal Act. CSF, ¶ 62. Green Tree's own Collection Manager, Deeanna Glenn testified that she was not familiar with the Rosenthal Act. CSF, ¶ 63.  Collection Manager Deeanna Glenn was the supervisor of Green Tree collector Janelle Hernandez, who placed the majority of the calls to Francesca Inzerillo and threatened to change the locks. CSF, ¶ 48.  Green Tree's Collection Manager could not possibly properly supervise her collector, Janelle Hernandez, on compliance with the Rosenthal Act when she herself is not familiar with  the Act.

Defendant also trained its employees to collect in a manner which violated the Rosenthal Act. As such, its training was at the very least negligent.  Green Tree employees Rene Martinez, Deeanna Glenn and Janelle Hernandez all testified that they had been trained at Green Tree to skip trace and start calling third parties on the collection of  a debt when  the borrower did not answer their call, even though they had current contact information on the borrower. CSF, ¶ 64. It was also Green Tree which told the collectors which calls to make each day.  As explained by Green Tree's Director of Collections Rene Martinez: the collector is on a daily basis from the minute they get to the office to the minute they leave told who to call. So it is Green Tree who told its collectors to call Francesca Inzerillo 98 times, her parents 17 times and her tenant 6 times.  Green Tree knows very well that California Civil Code § 1788.11(d)  prohibits causing a telephone to ring repeatedly or continuously to annoy the person and that 15 USC § 1692b(3) prohibits communications with third parties more than once to obtain location information.

As  in *Sanchez v. Client Services, Inc., 520 F.Supp.2d 1149, 1164-65 (N.D. Cal. 2007)*, the credibility of the respective parties in the instant action preclude summary judgment.

///

///

///

J.  THE EVIDENCE GATHERED DURING DISCOVERY SUPPORT PUNITIVE
DAMAGES ON THE FIRST AND THIRD CAUSES OF ACTION

Defendant recognizes this Court's previous ruling in this case stating that voluminous and harassing debt collection communications can constitute oppression, malice, or fraud within the meaning of § 3294.   (Order Re: Motion to Dismiss and Motion to Strike, Document No. 20, page 7, lines 9-13).  This Court cited to *Fausto v. Credigy Serv. Corp.,* 598 F.Supp.2d 1049, 1057 (N.D.Cal. Feb. 17, 2009), where the Court held that a reasonable jury could find clear and convincing evidence of malicious, oppressive or fraudulent conduct, sufficient to support an award of punitive damages, where the defendants made at least 90 phone calls to the plaintiffs' residence. In *Sanchez v. Client Services, Inc.,* 520 F.Supp.2d 1149 (N.D.Cal.2007), the court held that the issue of whether the defendant's conduct amounted to oppression, fraud, or malice was a credibility determination appropriately reserved for the ultimate trier of fact.  *Id. at 1165.*

Contrary to the section title on page 18 of Defendant's brief, deliberate intent to harm is not the base line on punitive damages  in California. Non-intentional torts may also form the basis for punitive damages when the conduct constitutes conscious disregard of the rights. *Peterson v. Superior Court of Ventura County,* 31 Cal.3d 147, 158 (1982).

Punitive damages have been recognized for common law invasion of privacy claims in the context of unlawful debt collection practices. *Sanchez v. Client Services, Inc.,* 520 F.Supp.2d 1149, 1164-65 (N.D. Cal. 2007).  In the present case, the evidence gathered in discovery shows  that Defendant called Francesca Inzerillo 98 times in two months and some days at least six times a day.  CSF, ¶ 46.  Defendant's own business records show 55 telephone calls. Defendant also harassed Plaintiff's  parents calling them as much as 17 times and calling her tenant 6 times. CSF, ¶ 53, 65.  Defendant  threatened to change the locks on her house, threatened to disturb her

tenants, and deny a short sale and foreclose upon the house. CSF, ¶¶ 48, 49, 50.  Given the volume of calls along with Plaintiffs' evidence of the threatening nature of those calls, a reasonable jury could find clear and convincing evidence of malicious, oppressive or fraudulent conduct, sufficient to support an award of punitive damages.

On Plaintiffs' third cause of action for negligent hiring and supervision, Defendant has submitted a self serving declaration on the extensive and exhaustive training and supervision it provides to it collectors.  The depositions of the individual collectors told a very different story. Green Tree's own Director of Collections, Rene Martinez, testified under oath that she had "never heard of anything called the Rosenthal Act". CSF, ¶ 62.  Green Tree's own Collection Manager, Deeanna Glenn testified that she was not familiar with the Rosenthal Act. CSF, ¶ 63. Collection Manager Deeanna Glenn was the supervisor of Green Tree collector Janelle Hernandez, who placed the majority of the calls to Francesca Inzerillo and threatened to change the locks. CSF, ¶ 48.  Green Tree's Collection Manager could not possibly supervise her collector, Janelle Hernandez, on compliance with the Rosenthal Act when she herself is not familiar with  the Rosenthal Act, which sets the prohibitive consumer protection standards for debt collection in California.

The story told at deposition continued.  Green Tree employees Rene Martinez, Deeanna Glenn and Janelle Hernandez all testified that they had been trained at Green Tree to skip trace and start calling third parties on the collection of  a debt when the borrower did not answer their call, even though they had current contact information on the borrower. CSF, ¶ 64. It is Green Tree which tells the collectors which borrowers to call each day. As explained by Green Tree Director of Collections Rene Martinez: the collector is on a daily basis from the minute they get to the office to the minute they leave told who to call. So it is Green Tree who told its collectors

to call Francesca Inzerillo 98 times, her parents 17 times and her tenant 6 times.  Green Tree knows very well that California Civil Code § 1788.11 (d) prohibits causing a telephone to ring repeatedly or continuously to annoy the person  and that 15 USC § 1692b(3) prohibits communications with third parties more than once to obtain location information.

As  in *Sanchez v. Client Services, Inc.,* 520 F.Supp.2d 1149, 1164-65 (N.D. Cal. 2007), the credibility of the respective parties in the instant action preclude summary judgment.

**V.**

**CONCLUSION**

Based on the foregoing, Defendant is not entitled to summary judgment.


DATED:  November 13, 2014                Respectfully submitted,

                                        DELTA LAW GROUP

                                            /s/ Jim G. Price

                                        BY:_____
                                            JIM G. PRICE
                                            Attorneys for Plaintiffs
                                            ERASIMO A. INZERILLO, ANGELA
                                            INZERILLO AND FRANCESCA
                                            INZERILLO