MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
AUSTIN B. KENNEY (State Bar No. 242277)
abk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
GREEN TREE SERVICING LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

| | |
|---|---|
| ERASIMO A. INZERILLO; ANGELA INZERILLO; and FRANCESCA INZERILLO,<br><br>Plaintiffs,<br><br>vs.<br><br>GREEN TREE SERVICING LLC; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:13-cv-06010-MEJ<br><br>**DEFENDANT GREEN TREE SERVICING LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Filed concurrently with Reply Statement of Facts; Supplemental Declaration of Austin B. Kenney<br><br>Date:     December 4, 2014<br>Time:     10:00 a.m.<br><br>The Hon. Maria Elena-James, Ctrm. B<br><br>Action Filed:  December 31, 2013<br>Supp. Comp. Filed:  January 24, 2014<br>Sec. Am. Comp. Filed:  February 25, 2014<br>Trial Date:  April 20, 2015 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT.................................................................................................................... 1

    A.    Plaintiffs Have Not Raised a Triable Issue of Material Fact Regarding Green Tree's Qualified Privilege. ............................................................... 1

    B.    Plaintiffs Have Not Raised a Triable Issue of Material Fact as to Whether There Has Been a "Substantial Impact" on the Privacy Interests of Plaintiffs Erasimo and Angela Inzerillo................................................................................. 2

    C.    Green Tree Withdraws Its Motion as to Extraterritorial Application of the Rosenthal Act to Francesca Inzerillo. ...................................................................... 5

    D.    Plaintiffs Cannot Establish Any Facts Showing that Erasimo and Angela Inzerillo Have Standing to Sue Green Tree under the Rosenthal Act........................ 5

        1.    The Rosenthal Act Does Not Incorporate the FDCPA's Definitions............ 5

        2.    The Rosenthal Act's Incorporation of the FDCPA's Remedies Provision Is Irrelevant. ..................................................................................... 7

    E.    Plaintiffs Have Not Raised a Triable Issue of Material Fact as to Whether Green Tree Negligently Trained and Supervised Its Employees. ............................ 7

    F.    Plaintiffs Have Not Raised a Triable Issue of Material Fact as to Whether Green Tree Is Liable for Punitive Damages........................................................... 11

        1.    Plaintiffs Conflate the Standards of Proof for Liability and Damages. ........................................................................................................ 11

III. CONCLUSION ............................................................................................................. 14

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abels v JBC Legal Group, PC.*
   428 F.Supp.2d 1023 (N.D. Cal. 2005) ....................................................................................... 7

*Arteaga v. Asset Acceptance, LLC*,
   733 F.Supp.2d 1218 (E.D. Cal. 2010) ........................................................................................ 3

*Bankston v. PhyCom Corp.*,
   No. C 07-03982 JF (PVT), 2008 WL 4412252 (N.D. Cal. Sept. 25, 2008) ................................ 7

*Beard v. Sentry Credit, Inc.*,
   No. CIV S-10-2218-KJM, 2012 WL 3778880 (E.D. Cal., Aug. 31, 2012) ................................ 3

*Bergevin v. Morger*,
   130 Cal. App. 2d 590 (1955) .................................................................................................... 11

*Bretana v. Int'l Collection Corp.*,
   No. C 07-5934 JF HRL, 2010 WL 1221925 (N.D. Cal. Mar. 24, 2010) .................................... 7

*Bundren v. Super. Ct.*,
   145 Cal. App. 3d 784 (1983) ........................................................................................... 1, 2, 3, 4

*Castellanos v. JPMorgan Chase & Co.*,
   No. 09-CV-00969-H, 2009 WL 1833981 (S.D. Cal., June 23, 2009) ........................................ 3

*Celotex Corp. v. Catrett*,
   417 U.S. 317 (1986) .................................................................................................................. 11

*Delfino v. Agilent Techs., Inc.*,
   145 Cal.App.4th 790 (2006) ..................................................................................................... 10

*Deteresa v. Am. Broad. Cos., Inc.*,
   121 F.3d 460 (9th Cir. 1997) ...................................................................................................... 2

*Evan F. v. Hughson United Methodist Church*,
   8 Cal.App.4th 828 (1992) ........................................................................................................... 8

*Fausto v. Credigy Servs. Corp.*,
   598 F.Supp.2d 1049 (N.D. Cal. 2009) ...................................................................................... 12

*Garcia v. Fortis Capital IV, LLC*,
   No. 5:12-CV-06491 EJD, 2014 WL 1813295 (N.D. Cal. May 6, 2014) .................................. 11

*Inzerillo v. Green Tree Servicing LLC*,
   No. 13-CV-06010-MEJ, 2014 WL 1347175 (N.D. Cal. Apr. 3, 2014) ...................................... 2

*Juarez v. Boy Scouts of Am., Inc.*,
   81 Cal.App.4th 377 (2000)..................................................................................................8

*Kleiman v. Equable Ascent*,
   No. CV 12-9729 (CAS), 2013 WL 49754 (E.D. Cal. Jan. 3, 2013)..........................................12

*Livesey v. Stock*,
   208 Cal. 315 (1929)..........................................................................................................11

*McEndree v. Rash Curtis & Assocs.*,
   No. 2:10-CV-01079-MCE, 2012 WL 1640465 (E.D. Cal. May 9, 2012)...................................3

*Montgomery v. Huntington Bank*,
   346 F.3d 693 (6th Cir. 2003)..............................................................................................6

*Pasquale v. Law Offices of Nelson & Kennard*,
   940 F.Supp.2d 1151 (N.D. Cal. 2013) ................................................................................11

*Patton v. Prober & Raphael, a Law Corp.*,
   No. 11-CV-1458 PJH NC, 2012 WL 294537 (N.D. Cal. Jan. 13, 2012) report
   and recommendation adopted, No. C 11-1458 PJH, 2012 WL 294511 (N.D.
   Cal. Jan. 30, 2012)..............................................................................................................7

*Quinlan v. CitiMortgage, Inc.*,
   No. 2:11-CV-00986-MCE, 2012 WL 2401380 (E.D. Cal. June 22, 2012)................................5

*Sanchez v. Client Servs., Inc.*,
   520 F.Supp.2d 1149 (N.D. Cal. 2007) .......................................................................10, 12, 13

*Simon v. Sao Paolo U.S. Holding, Inc.*,
   35 Cal.4th 1159 (2005)......................................................................................................12

*Sturges v. Charles L. Harney*,
   165 Cal.App.2d 306 (1958)................................................................................................11

*Todd v. Collecto, Inc.*,
   731 F.3d 734 (7th Cir. 2013)..............................................................................................6

*Turnbull v. Am. Broad. Cos.*,
   No. CV 03-3554 SJO (FMOX), 2004 WL 2924590 (C.D. Cal., Aug. 19, 2004) .......................2

*Wright v. Fin. Serv. of Norwalk, Inc.*,
   22 F.3d 647 (6th Cir. 1994) (*en banc*)..................................................................................6

**STATUTES**

United States Code
 Title 15
  § 1692b ...........................................................................................................................2, 9
  § 1692c ................................................................................................................................2
  § 1692d ...............................................................................................................................6
  § 1692k ...............................................................................................................................7

California Civil Code
 § 1788.2 ..........................................................................................................................6, 7
 § 1788.12 .............................................................................................................................2
 § 1788.17 .............................................................................................................................7
 § 1788.30 .............................................................................................................................7

**RULES**

Federal Rules of Civil Procedure
 Rule 56 ........................................................................................................................ passim

Federal Rules of Evidence
 Rule 401 ..............................................................................................................................4
 Rule 402 ..............................................................................................................................4
 Rule 602 .........................................................................................................................5, 10

**OTHER AUTHORITIES**

FDCPA ..................................................................................................................6, 8, 9

Rosenthal Act ................................................................................................................. passim

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs' Opposition to defendant GREEN TREE SERVICING LLC's ("Green Tree") Motion for Partial Summary Judgment misses the mark. As set forth in the Reply Statement of Facts filed and served herewith, they have not actually controverted any of the facts supporting Green Tree's motion, and they have not proffered any undisputed facts of their own which support the claims at issue. Because the record taken as a whole could not lead a rational trier of fact to find for the Plaintiffs on the issues before the Court at this time, there is no triable issue to put before a jury. The Court must therefore adjudicate the issues in favor of Green Tree.[1] Fed. R. Civ. P. 56.

## II.

## ARGUMENT

**A. Plaintiffs Have Not Raised a Triable Issue of Material Fact Regarding Green Tree's Qualified Privilege.**

In its moving papers, Green Tree demonstrated that it is not subject to liability for invasion of privacy because, like all creditors, it had a qualified economic privilege to protect its economic interest by pursuing the debt. Plaintiffs do not dispute the existence of the qualified privilege. Opp., pp. 3:23-4:2. Rather, they attempt to distinguish just one of the cases Green Tree cites in support of this basic principle, *Bundren v. Super. Ct.*, 145 Cal. App. 3d 784 (1983). Opp. at 4:3-24. The argument falls flat.

Plaintiffs allege that Green Tree's conduct constituted an invasion of privacy. However, even if a trier of fact were to find in their favor on that issue, the qualified privilege insulates Green Tree from liability as a matter of law. *Bundren*, 145 Cal. App. 3d at 789. *Bundren* stands

---

[1] In its original moving papers, Green Tree argued that the second cause of action for violation of the Rosenthal Act by Francesca Inzerillo fails because the Act does not apply extraterritorially to Ms. Inzerillo, who was not a California resident at the time of the alleged collection activities. As explained further below, Green Tree now withdraws the argument.

1 for the basic proposition that a debt collector may engage in such activities as are alleged here, 2 even if it causes "inconvenience or embarrassment," is deemed "rude or insolent" or constitutes an 3 "actual, though not actionable, invasion of privacy." *Id*.

4 The material issue is whether the steps taken by the debt collector in the first place were 5 reasonable, *regardless of whether they resulted in an invasion of privacy*. On this point, there can 6 be no genuine dispute. Francesca Inzerillo owed a debt which Green Tree had the contractual 7 right to collect from her. Green Tree's Reply Statement of Facts ("RSF"), ¶¶ 1-3. State and 8 federal law gave Green Tree the right to contact Ms. Inzerillo and encourage her to pay, as well to 9 contact third parties, such as her parents and tenant. Cal. Civ. Code § 1788.12; 15 U.S.C. 10 §§ 1692b, 1692c. This is not in dispute. Exercising these statutory rights can hardly be 11 considered "outrageous" for purposes of the *Bundren* analysis. Green Tree is entitled to partial 12 summary judgment accordingly. Fed. R. Civ. Proc. 56.

13 **B.    Plaintiffs Have Not Raised a Triable Issue of Material Fact as to Whether There Has Been a "Substantial Impact" on the Privacy Interests of Plaintiffs Erasimo and**
14 **Angela Inzerillo.**

15 Plaintiffs again misconstrue *Bundren* in arguing that a triable issue exists regarding Green 16 Tree's liability to plaintiffs Erasimo and Angela Inzerillo for alleged invasion of privacy. As 17 Green Tree has explained, liability turns on whether the alleged invasion of privacy—here, phone 18 calls to the Plaintiffs' residence—occurred "in a manner *highly offensive to a reasonable person*." 19 *Inzerillo v. Green Tree Servicing LLC*, No. 13-CV-06010-MEJ, 2014 WL 1347175, at *3 (N.D. 20 Cal. Apr. 3, 2014) (quoting *Smith v. Capital One Fin. Corp.*, No. C 11–3425 PJH, 2012 WL 21 1669347, at *3 (N.D.Cal. May 11, 2012); see also *Deteresa v. Am. Broad. Cos., Inc.*, 121 F.3d 22 460, 465 (9th Cir. 1997)). Plaintiffs acknowledge that this preliminary determination "must be 23 made by the court," based on a number of factors. Opp., p. 5:11-17 (citing *Turnbull v. Am. Broad.* 24 *Cos.*, No. CV 03-3554 SJO (FMOX), 2004 WL 2924590, at *13 (C.D. Cal., Aug. 19, 2004) and 25 listing factors.

26 The *Turnbull* factors weigh heavily in favor of Green Tree. Even granting for present 27 purposes that the Plaintiffs had an expectation of privacy in their home, the other factors cannot 28 support liability.

First, the degree of the alleged intrusion was negligible, as Green Tree made only a dozen or so calls to the Plaintiffs over a period of two months, most of which the Plaintiffs did not answer or return.  RSF, ¶¶ 15, 53.  Plaintiffs have cited no authority for the proposition that such few actual contacts constitute invasion of privacy.  They conveniently ignore those authorities, previously cited by Green Tree, which have held that call volume alone is not enough to state a claim for invasion of privacy.  *Castellanos v. JPMorgan Chase & Co.*, No. 09-CV-00969-H, 2009 WL 1833981 (S.D. Cal., June 23, 2009) (allegations regarding call volume "without more is not enough to state a claim for invasion of privacy above a speculative level"); *McEndree v. Rash Curtis & Associates*, No. 2:10-CV-01079-MCE, 2012 WL 1640465 (E.D. Cal. May 9, 2012) ("circumstances where Plaintiff was free to disregard the calls and not even answer since he was able to ascertain that it was [defendant] attempting to contact him" deemed "plainly insufficient to state an actionable invasion of privacy claim"); *see also, Arteaga v. Asset Acceptance, LLC*, 733 F.Supp.2d 1218, 1227–29 (E.D. Cal. 2010) (collecting cases and finding that plaintiff receiving "near daily" calls failed to raise an issue of fact over whether the calls were harassing); *Beard v. Sentry Credit, Inc.*, No. CIV S-10-2218-KJM, 2012 WL 3778880, *5 (E.D. Cal., Aug. 31, 2012) (citing *Arteaga*).

Second, the context of the communications was innocuous: Green Tree placed calls Francesca Inzerillo's parents in order to locate her when she failed to return Green Tree's calls.  RSF, ¶ 13.  Although Plaintiffs ostensibly dispute this fact, for the reasons set forth by Green Tree in Plaintiffs' Controverting Statement of Facts, this is not a genuine dispute.  *Id*.  Besides, as discussed in the previous section, the law allows collectors like Green Tree to contact third parties under these circumstances.

Third, the Plaintiffs have admitted that the conduct itself—specifically, the *content* of the communications with Green Tree—was not offensive.  Plaintiffs do not argue otherwise.  *See* RSF, ¶ 17.  They merely note that Mr. Inzerillo said he was offended by the calls "but could not remember why."  *Id*.  This is not a genuine dispute.

Fourth, the circumstances of the alleged intrusion are immaterial here.  Plaintiffs make much of the Plaintiffs' age and medical condition, citing *Bundren* for the proposition that "more

caution must be shown when contacting an individual . . . who is known to be in a delicate physical or emotional state." Opp., p. 5:3-5.  However, *Bundren* is inapposite on this issue.  There, the defendant hospital placed collection calls to the plaintiff, who was a patient at the hospital after having been violently attacked with a machete, *while she was still in the hospital.* The appellate court held there was a question as to whether defendant's conduct, "perhaps reasonable had it been attempted after plaintiff had regained her health, was in fact reasonable in light of her alleged delicate physical and emotional state at the time at issue." *Bundren*, 145 Cal. App. 3d at 193.  The court highlighted the fact that the defendant was in a particular position to know of the injurious effect its conduct might have on the delicate plaintiff:

> The caller was not, as claimed by Los Robles, an ordinary creditor calling a typical debtor to request payment of a just debt. But rather, Los Robles' debt collector was in an apparent position of considerable power to affect petitioner's recovery. Under such circumstances, it was arguably reasonable for petitioner to fear that failure to make immediate arrangements for payment would result in the withdrawal of treatment and in her being evicted from the medical facility. Inasmuch as petitioner at the time of the call claimed to be feeling the effects of surgery, a trier of fact may well draw the conclusion that she was in all probability vulnerable. Moreover, it was alleged that Los Robles had knowledge of petitioner's physical state, as well as the fact that she had recently been violently attacked with a machete.

*Id*. at 791-92.  By contrast, here, Plaintiffs have proffered no evidence that Green Tree *knew* or even had reason to know about the Plaintiffs' age or condition.  Thus, the facts of Plaintiffs' age and condition are irrelevant and immaterial.  Fed. R. Evid. 401, 402.  Nor did Green Tree "force" either of the Plaintiffs to answer its calls, as they suggest.[2]  RSF, ¶ 56.

---

[2] Notably, there is absolutely no evidence for Plaintiffs' claim, included in their Opposition brief but not in their Controverting Statement of Facts, that Mr. and Mrs. Inzerillo's phone was "stationary," such that Mr. Inzerillo would have had to get up to go to the phone in order to see that it was Green Tree calling.  *See* Opp., p. 5:19-20.  Actually, both Plaintiffs testified at deposition that their phone is "cordless," meaning Mr. Inzerillo could have kept it by his side.  Supplemental Declaration of Austin B. Kenney ("Supp. Kenney Decl."), Ex. A, ("Erasimo Depo."), p. 28:2-9; *id*. at Ex. B, ("Angela Depo"), p. 22:9-12.  He also testified that Green Tree only called him three times (though he does not have records of the calls), so any inconvenience was minimal.  *Id*., Ex. A at 17:15-18.  Of course, as we have just seen, *Bundren* holds that such collection activities are permissible, even if it causes "inconvenience or embarrassment" or constitutes an "actual, though not actionable, invasion of privacy."  So, Green Tree's conduct is not actionable in any event.  145 Cal. App. 3d at 789.

1    Fifth, Plaintiffs have not introduced any material facts that would support the conclusion
2 that Green Tree had illicit motives or objectives in calling them.  Again, Green Tree was
3 attempting to locate Francesca Inzerillo, and Plaintiffs cannot prove otherwise.  Their assertion of
4 improper motive is based on pure speculation—not admissible evidence.  RSF, ¶ 13; Fed. R. Evid.
5 602.
6    Plaintiffs' argument that Green Tree "consciously disregarded" Angela Inzerillo's alleged
7 instruction not to call her house is also purely speculative and lacks foundation.  RSF, ¶ 55.  Fed.
8 R. Evid. 602.  To wit, there is no real evidence that the calls continued due to anything other than
9 a simple clerical error on Green Tree's part (e.g., an employee failing to note the instruction in the
10 Collection Comment List).  Plaintiffs certainly cannot prove any "conscious" wrongdoing by
11 Green Tree.
12    Because the *undisputed* material facts show an insubstantial impact on their privacy
13 interests, Green Tree cannot be liable to Erasimo or Angela Inzerillo for invasion of privacy *as a*
14 *matter of law*.  *Quinlan v. CitiMortgage, Inc.*, No. 2:11-CV-00986-MCE, 2012 WL 2401380, at
15 *5 (E.D. Cal. June 22, 2012) (quoting *Deteresa*, 121 F.3d at 465).  The Court must grant Green
16 Tree's motion accordingly.  Fed. R. Civ. Proc. 56.

17 **C.   Green Tree Withdraws Its Motion as to Extraterritorial Application of the Rosenthal Act to Francesca Inzerillo.**
18

19    Green Tree argued in its moving papers that the Rosenthal Act does not apply
20 extraterritorially to Francesca Inzerillo, who was not a California resident at the time of the alleged
21 collection activities.  Points and Authorities Supporting Motion for Partial Summary Judgment,
22 pp. 9:6-10:7.  However, without conceding any material issue of fact or admitting liability on this
23 issue, and reserving all rights to contest the issue at trial, Green Tree now withdraws the argument.

24 **D.   Plaintiffs Cannot Establish Any Facts Showing that Erasimo and Angela Inzerillo Have Standing to Sue Green Tree under the Rosenthal Act.**
25
   **1.   The Rosenthal Act Does Not Incorporate the FDCPA's Definitions.**
26

27    Green Tree demonstrated in its moving papers that Erasimo and Angela Inzerillo lack
28 standing to sue Green Tree under the Rosenthal Act because they have not entered into a

"consumer credit transaction" with Green Tree and are therefore not "debtors" subject to the Act's protections. The reason is that, although the Rosenthal Act incorporates certain provisions of the FDCPA, including those ostensibly entitling all persons subject to its protections to remedies for harassing conduct, the Rosenthal Act does not incorporate the FDCPA's definitions—and Plaintiffs do not demonstrate otherwise. The distinction is crucial.

Standing under the FDCPA depends upon "with respect to" whom each provision of the Act can be violated. *Todd v. Collecto, Inc.*, 731 F.3d 734, 738 (7th Cir. 2013) (citing *Montgomery v. Huntington Bank*, 346 F.3d 693, 696 (6th Cir. 2003) (using section-by-section analysis to decide standing under the FDCPA); *Wright v. Fin. Service of Norwalk, Inc.*, 22 F.3d 647, 649 n. 1 (6th Cir. 1994) (*en banc*) (standing depends on whether the specific provision at issue protects "persons" or "consumers")). On the other hand, as discussed above, the Rosenthal Act is clear that a plaintiff must be a party to a "consumer credit transaction" in order to obtain relief.

Take, for example, 15 U.S.C. § 1692d(1), which prohibits "[a] debt collector [from] not engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse *any person* in connection with the collection of a debt." Because the Rosenthal Act does not incorporate the FDCPA's definitions, the definition of a "debt collector" for purposes of the FDCPA must be found in California Civil Code section 1788.2(c), which incorporates the definition of "debt collection" in section 1788.2(a), which in turn incorporates the definition of "consumer debt" in section 1788.2(f).[3] "Consumer debt" means "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person *by reason of a consumer credit transaction*." Cal. Civ. Code § 1788.2(f). The Act's narrow definition of "consumer credit transaction" limits its protection to the consumer who entered into the transaction—i.e. the "debtor." Specifically, a "debtor" is someone "from whom a debt collector

---

[3] Green Tree admitted in its Answer to the operative complaint that it is a "debt collector" for purposes of the Rosenthal Act. However, it has *not* admitted that it is a debt collector with respect to Erasimo or Angela Inzerillo. Nor has it admitted that those Plaintiffs have standing to sue Green Tree for violation of the Act. On the contrary, Green Tree asserted lack of standing as an affirmative defense in its Answer. Thus, Green Tree's motion is entirely consistent with the pleadings in this case.

seeks to collect a consumer debt *which is due and owing or alleged to be due and owing from such person*." Cal. Civ. Code § 1788.2(h).  Fatally, then, the Act only affords remedies to "debtors." Cal. Civ. Code § 1788.30.  Because Erasimo and Angela Inzerillo did not owe Green Tree a debt and Green Tree never attempted to collect money from them, they lack standing to sue under the Act.  RSF, ¶¶ 10, 11.

### 2. The Rosenthal Act's Incorporation of the FDCPA's Remedies Provision Is Irrelevant.

Plaintiffs argue in their Opposition that Civil Code section 1788.17's incorporation of the FDCPA's remedies negates the limitation contained in the Rosenthal Act's own remedy provision to "debtors."  Opp., p. 13:4-10 (Cal. Civ. Code § 1788.30(b)).  Not so.  While it requires debt collectors to comply with certain provisions of the FDCPA, section 1788.17 does not create a right to remedies independent of section 1788.30(b).  As courts universally have held, the maximum penalty recovery under the Rosenthal Act remains $1,000 *per Plaintiff*, not $2,000 consisting of $1,000 under 1788.17 and another $1,000 under 1788.30(b).  *Patton v. Prober & Raphael, a Law Corp.*, No. 11-CV-1458 PJH NC, 2012 WL 294537, at *1 (N.D. Cal. Jan. 13, 2012) report and recommendation adopted, No. C 11-1458 PJH, 2012 WL 294511 (N.D. Cal. Jan. 30, 2012); *Bretana v. Int'l Collection Corp.*, No. C 07-5934 JF HRL, 2010 WL 1221925, at *2 (N.D. Cal. Mar. 24, 2010); *Bankston v. PhyCom Corp.*, No. C 07-03982 JF (PVT), 2008 WL 4412252, at *1 (N.D. Cal. Sept. 25, 2008).  In other words, section 1788.17's provision for remedies consistent with 15 U.S.C. § 1692k was merely lazy drafting by the California Legislature that allowed a class action remedy that section 1788.30(b) previously did not provide.  *Abels v JBC Legal Group, PC*. 428 F.Supp.2d 1023 (N.D. Cal. 2005) (no RFDCPA claim where dishonored checks did not arise "by reason of a consumer credit transaction").  Green Tree is entitled to partial summary judgment as to Erasimo and Angela Inzerillo's Rosenthal claims accordingly.  Fed. R. Civ. P. 56.

### E. Plaintiffs Have Not Raised a Triable Issue of Material Fact as to Whether Green Tree Negligently Trained and Supervised Its Employees.

Plaintiffs cannot prove that Green Tree negligently trained and supervised its employees because, as Green Tree has shown, they cannot establish any material facts showing that Green

1  Tree knew or had reason to know its employees were unfit to perform their job duties or that it
2  failed to use reasonable care in training its employees.  *Juarez v. Boy Scouts of Am., Inc.*, 81
3  Cal.App.4th 377 (2000); *Evan F. v. Hughson United Methodist Church*, 8 Cal.App.4th 828 (1992).
4  In their Opposition, Plaintiffs cite deposition testimony wherein Renee Martinez and Deeanna
5  Glenn stated that they were not familiar with the Rosenthal Act to argue that Green Tree's
6  employees were therefore negligently trained and supervised.  Opp., pp. 14:23-15:6.  Plaintiffs'
7  argument misses the mark.
8          Putting aside the fact that Plaintiffs cite no authority for the proposition that two
9  employees' alleged lack of familiarity with a statute pertinent to their line of work translates into
10 tort liability for the defendant who employs them, Plaintiffs completely misconstrue the testimony
11 on which they rely.  While Ms. Martinez first testified that she did not "ever hear anything called
12 the Rosenthal Act," she quickly clarified that she was familiar with the FDCPA and that she was
13 also aware of California laws that she was required to follow.  RSF, ¶ 62.  Moreover, Ms. Glenn
14 did not actually testify that she was not familiar with the Rosenthal Act.  Rather, her testimony
15 went like this:

16          8 Q Ms. Glenn, you're familiar with the Fair Debt
17          9 Collection Practices Act?
18          10 A Yes.
19          11 Q And you received training on that with your
20          12 employment with Green Tree?
21          13 A Yes.
22          14 Q You're also familiar with the Rosenthal Act here
23          15 in California?
24          16 A No. You have to refresh my memory on that.
25          17 Q Have you ever received any training on the
26          18 Rosenthal Act here in California?
27          19 A I can't recall.
28 RSF, ¶ 63.

More importantly, the Declaration of Christy Christensen, Green Tree's Regional Manager in charge of the facility where Mdmes. Martinez and Glenn worked, established that all of Green Tree's Collectors, including the foregoing employees, receives rigorous training in debt collection laws and practices and that said training includes coverage of federal and state consumer protection laws, *including the Rosenthal Act.* RSF, ¶ 20-24, 29.  She also explained that the employees are constantly monitored and subject to audit with regard to their job performance and compliance with company policies and procedures (including compliance with debt collection laws).[4]  *Id*. at ¶ 25.

The upshot of Ms. Christensen's declaration (which she supported with later deposition testimony) is that, although Mdmes. Martinez and Glenn may not have been able to distinguish the Rosenthal Act from the alphabet soup of state and federal consumer protection laws, they *were* trained on the Act's requirements—both as independent legal requirements and as part of Green Tree's own policies and procedures—and were subject to oversight regarding their compliance.  These are the facts.  Plaintiffs cannot offer any independent evidence to the contrary.  RSF, ¶¶ 32, 33.

Nor is there any evidence for Plaintiffs' claim that Green Tree trained its employees to violate the Rosenthal Act.  Opp., p. 15:7-19.  The insinuation is patently absurd, given Ms. Christensen's declaration cited above.  Plaintiffs specifically argue that Green Tree improperly trained its employees to reach out to third parties to contact a customer when they were unable to reach the customer directly.  However, this is perfectly acceptable under the FDCPA (and, by extension, the Rosenthal Act). 15 U.S.C. § 1692b(3).  Plaintiffs' naked assertion that Green Tree

---

[4] Plaintiffs' suggestion that Ms. Glenn is solely responsible for supervising Janelle Hernandez (and that Ms. Hernandez's supervision must therefore have been inadequate) has no basis in fact. Opp., p. 15:4-6.  Ms. Christensen's declaration demonstrates that initial training is conducted by the company's Compliance Department and that employees receive ongoing training through online tutorials and testing.  RSF, ¶¶ 21, 22, 24.  It also shows that employees are subject to monitoring and audit on a company-wide basis.  In reality, Ms. Glenn's supervision of Ms. Hernandez involved tasks other than the rote assessment of familiarity with state and federal laws that Plaintiffs apparently assume—without supporting evidence—that it did.  There is no evidence that Ms. Glenn was negligent in her performance of this role.

1 had current contact information for Francesca Inzerillo when third parties were contacted on the

2 account is speculative and lacks foundation.  Fed. R. Evid. 602.

3       While Renee Martinez testified that Green Tree effectively tells its employees which

4 accounts to work on a daily basis, there is no evidence whatsoever for the assertion in the

5 Opposition that Green Tree instructed its employees as to how many calls to make on each

6 account.  Opp., p. 15:13-17.  Ms. Martinez actually testified that Green Tree does *not* instruct

7 collectors how many times a day to call a particular borrower and that employees had discretion as

8 to how frequently to follow-up on an account.[5]  Of course, Plaintiffs do not even cite to the record

9 on this point, so there is no genuine issue of material fact in dispute.

10       The *Delfino* case cited by Plaintiffs is also inapposite.  Opp., p. 14:11-15.  As Plaintiffs

11 themselves observe, the court absolved the defendant of liability "because there was no evidence

12 that defendant knew its employee was using its computer to make cyber threats," as the plaintiff

13 alleged.  *Delfino v. Agilent Technologies, Inc.*, 145 Cal.App.4th 790, 815 (2006).  Similarly, here,

14 there is no evidence that Green Tree knew or had reason to know that its employees were making

15 "threats" to Francesca Inzerillo, as Plaintiffs allege[6], or were otherwise "engaged in improper on-

16 the-job conduct".

17       Plaintiffs give their discussion of the *Sanchez* case even shorter shrift, summarily citing it

18 for the conclusion that "the credibility of the respective parties in the instant action preclude

19 summary judgment."  Opp., p. 15:21-22.  The Court ought to dismiss it just as quickly.  There is

20 no conflicting testimony on the issue before the Court—only misstatements by Plaintiffs.  Christy

21 Christensen's declaration, uncontroverted by Plaintiffs on any issue of material fact, establishes

---

[5] *See* Supp. Kenney Decl., Ex. D ("Martinez Depo."), pp. 33:25-34:9; 35:8-20.  Janelle Hernandez testified similarly.  *Id*. at Ex. C ("Hernandez Depo."), p. 16:3-24.  Green Tree did not introduce this testimony in its original moving papers because it is immaterial and irrelevant to the issue before the Court.  Green Tree presents it now to demonstrate that Plaintiffs' purported factual dispute, which is not set forth in Plaintiffs' Controverting Statement of Facts, is not genuine.

[6] To be sure, Plaintiffs do not allege that threats were made to Erasimo or Angela Inzerillo.  Green Tree has disputed that threats were made in any event, but the dispute is immaterial to the issue before the court, for the reasons stated herein.  RSF, ¶¶ 48-50.

that Green Tree's employees are trained to follow consumer protection laws throughout the course of their employment and that they are subject to monitoring and audit by Green Tree's Compliance Department, as well as supervisory employees.  RSF, ¶¶ 20-29.  *Plaintiffs admit that they have no information or knowledge about how Green Tree trains and supervises its employees*, about Green Tree's internal policies and procedures or training methods, or to the effect that any of Green Tree's employees involved with Francesca Inzerillo's account were unfit to perform their job duties.  *Id*. at ¶¶ 31-33.  Thus, there is no credibility contest here, and no triable issue of fact.  Plaintiffs' lack of evidence alone is enough to grant Green Tree's motion.[7]  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 417 U.S. 317, 325.  Green Tree is entitled to partial summary judgment as to this claim accordingly.  Fed. R. Civ. P. 56.

### F. Plaintiffs Have Not Raised a Triable Issue of Material Fact as to Whether Green Tree Is Liable for Punitive Damages.

#### 1. Plaintiffs Conflate the Standards of Proof for Liability and Damages.

There are numerous ways that an injured plaintiff can offer proof of malice, oppression, or fraud that would warrant submission of punitive damages to the jury—for example by pointing to unprovoked violence or express statements demonstrating malice.  *Livesey v. Stock*, 208 Cal. 315, 321 (1929) (malice shown when defendant twice deliberately fired shotgun at plaintiff); *Bergevin v. Morger*, 130 Cal. App. 2d 590, 593 (1955) (malice shown when defendant wantonly and without provocation kicked plaintiffs, causing serious injuries); *Sturges v. Charles L. Harney*, 165 Cal.App.2d 306, 321 (1958) (malice shown from declarations of defendant).  Here, Plaintiffs have offered no such evidence.  Instead, they theorize that Green Tree's *attempted* contacts with them are sufficient, in and of themselves, to warrant punitive damages under California Code of Civil

---

[7] It bears repeating that "any particular act by [Green Tree's employees] alleged in this litigation . . . cannot be used to impose liability for negligent supervision because there is nothing to suggest that [Green Tree] had actual knowledge or reason to suspect that [its employees] had done anything in violation of the law prior to" this lawsuit.  *Garcia v. Fortis Capital IV, LLC*, No. 5:12-CV-06491 EJD, 2014 WL 1813295, at *5 (N.D. Cal. May 6, 2014) (granting defendant's motion for partial summary judgment based on nearly identical facts); *see also Pasquale v. Law Offices of Nelson & Kennard*, 940 F.Supp.2d 1151, 1155-56 (N.D. Cal. 2013).

1  Procedure section 3294.

2  Based on that faulty reasoning, Plaintiffs' Opposition conflates the question of Green
3  Tree's liability in tort or by statute with the question of its exposure to punitive damages under the
4  standard set out in section 3294. This is not the law. Neither the torts of intrusion on seclusion or
5  negligent training and supervision, nor the state or federal fair credit reporting laws, include an
6  automatic right to punitive damages. By the same token, proffering sufficient evidence to support
7  each element of the tort alleged here would not mean Plaintiffs have carried their burden of proof
8  on the issue of punitive damages. The standards are very different, as Green Tree has shown. It is
9  inexplicable, then, that Plaintiffs devote two-and-a-half pages to reiterating the same arguments
10 supporting their other liability claims, without establishing proof (or, at least, triable issues of fact)
11 that Green Tree acted with malice, oppression or fraud.

12 California appellate courts are careful to differentiate basic tortious conduct from conduct
13 that warrants punitive damages under section 3294. As the state Supreme Court has remarked,
14 "accidentally harmful conduct cannot provide the basis for punitive damages under our law. At a
15 minimum, California law requires conduct done with 'willful and conscious disregard of the rights
16 or safety of others' or despicable conduct done 'in conscious disregard' of a person's rights."
17 *Simon v. Sao Paolo U.S. Holding, Inc.*, 35 Cal.4th 1159, 1181 (2005) (quoting section 3294).
18 Plaintiffs fail to make this crucial distinction—or proffer the necessary proof to support their
19 requested relief—here.

20 In particular, the type of conduct that amounts to intrusion on seclusion is distinguishable
21 from the more elevated type of behavior that warrants punitive damages. This crucial distinction
22 is why federal district courts that have analyzed punitive damages in the context of high call
23 volume cases have required plaintiffs not only to show evidence of a large volume of calls—but
24 also to demonstrate "by clear and convincing evidence" that those calls were threatening and/or
25 harassing *in content*. *Fausto v. Credigy Servs. Corp.*, 598 F.Supp.2d 1049, 1057 (N.D. Cal. 2009);
26 *Sanchez v. Client Servs., Inc.*, 520 F.Supp.2d 1149, 1164 (N.D. Cal. 2007); *Kleiman v. Equable*
27 *Ascent*, No. CV 12-9729 (CAS) (AJWx), 2013 WL 49754, at *3–4 (E.D. Cal. Jan. 3, 2013). This
28 is especially the case where, as here, Plaintiffs answered only a very small number of Green Tree's

calls.[8]

The parties dispute whether any threats were made to Francesca Inzerillo (Plaintiffs do not allege any threats to her parents).  RSF, ¶¶ 48-50.  However, this dispute is immaterial because Plaintiffs only allege that threats were made on two occasions.  Sec. Am. Supp. Compl., ¶¶ 9-10.  Thus, the vast majority of calls—most of which went unanswered—would not have included threats, if in fact any were made.  *See* RSF, ¶¶ 8, 15, 46.  This is unlike the foregoing cases, which involved many more threatening calls to the plaintiffs (dozens were alleged in *Sanchez*).

On the other hand, there is no evidence whatsoever of harmful intent or conscious disregard on Green Tree's part with regard to its alleged negligence or other statutory violations, and Plaintiffs do not assert any in their Opposition.  *See* Opp., p. 17:19-18:4.

The undisputed facts, as laid out in Green Tree's moving papers, show that Green Tree's conduct—even if wrongful—simply did not rise to the level of malice, oppression or fraud.  In particular, there is no evidence of malicious intent to harm or conscious disregard on the part of Green Tree or the employees named in the Complaint.  Cal. Code. Civ. Proc. § 3294(c)(1).  There is only conjecture and speculation by Plaintiffs.  *See* Opp., p. 17:1-4.  There is also no evidence of "cruel and unjust hardship" constituting oppression (*id.*, § 3294(c)(2)), and there is not even the allegation, let alone evidence, of fraud (*id.*, § 3294(c)(3)).  Green Tree is entitled to partial summary judgment accordingly.  Fed. R. Civ. P. 56.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[8] Francesca Inzerillo only answered two calls, according to the Complaint, and her parents testified that they only answered two or three calls between them.

### III.

### CONCLUSION

For the foregoing reasons, Green Tree respectfully requests that the Court grant Green Tree's motion for partial summary judgment on the foregoing issues.

DATED: November 20, 2014          Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation


By:  /s/ Austin B. Kenney
          Austin B. Kenney

Attorneys for Defendant
GREEN TREE SERVICING LLC