1   MARY KATE SULLIVAN (State Bar No. 180203)
    mks@severson.com
2   AUSTIN B. KENNEY (State Bar No. 242277)
    abk@severson.com
3   SEVERSON & WERSON
    A Professional Corporation
4   One Embarcadero Center, Suite 2600
    San Francisco, California 94111
5   Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
6
    Attorneys for Defendant
7   GREEN TREE SERVICING LLC

8                       UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

10

11  ERASIMO A. INZERILLO; ANGELA          Case No. 3:13-cv-06010-MEJ
    INZERILLO; and FRANCESCA
12  INZERILLO,                            **DEFENDANT GREEN TREE SERVICING
                                          LLC'S REPLY STATEMENT OF FACTS
13                  Plaintiffs,           IN SUPPORT OF MOTION FOR
                                          PARTIAL SUMMARY JUDGMENT**
14          vs.
                                          Filed concurrently with Reply Points and
15  GREEN TREE SERVICING LLC; and DOES    Authorities; Supplemental Declaration of
    1 through 20, inclusive,              Austin B. Kenney
16
                    Defendants.           Date:      December 4, 2014
17                                        Time:      10:00 a.m.

18                                        The Hon. Maria Elena-James, Ctrm. B

19                                        Action Filed:  December 31, 2013
                                          Supp. Comp. Filed:  January 24, 2014
20                                        Sec. Am. Comp. Filed:  February 25, 2014
                                          Trial Date:  April 20, 2015
21

22

23

24

25

26

27

28

Defendant GREEN TREE SERVICING LLC ("Green Tree") hereby submits the following Reply Statement of Facts including (i) objections to the evidence submitted by Plaintiffs in their Controverting Statement of Facts in Support of Opposition to Green Tree's Motion for Partial Summary Judgment, and (ii) a reply to the additional facts within Plaintiffs' Controverting Statement.

## OBJECTIONS TO PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE

While not called for under Local Rules or Federal Rules of Civil Procedure, this statement of objections is offered as a way to provide a convenient and expeditious vehicle permitting the trial court to hone in on the truly disputed facts.

| DEFENDANT'S UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND SUPPORTING EVIDENCE; DEFENDANT'S RESPONSE AND OBJECTIONS |
| --- | --- |
| 1.  Green Tree is a mortgage loan servicer.<br><br>Declaration of Christy Christensen ("Christensen Decl."), ¶ 3. | Undisputed. |
| 2.  In December 2011, Green Tree began servicing a mortgage loan plaintiff FRANCESCA INZERILLO obtained from Bank of America, referenced by Account No. 68320768.  There were no co-borrowers on this loan.<br><br>Second Amended Supplemental Complaint ("Compl."), ¶¶ 7-8; Christensen Decl., ¶ 3. | Undisputed. |
| 3.  Francesca Inzerillo admits that she owed a debt to Green Tree and that she had an expectation that Green Tree would call her to try to secure payment of her debt.<br><br>Declaration of Austin B. Kenney, Esq. ("Kenney Decl."), Ex. A ("Francesca Depo."), at 180:5, 182:12-15. | Disputed.  Francesca Inzerillo owed a debt to Bank of America.  Green Tree serviced the loan.<br><br>Christensen Decl., ¶ 3.<br><br>**Defendant's Response and Objections: This is an immaterial dispute.  The evidence Green Tree cites demonstrates that Ms. Inzerillo admits she owed a debt, which Green Tree had a legal obligation and right to collect, and that she knew and expected that Green Tree would attempt to** |

| | | |
|---|---|---|
| 1 | | **collect the debt from her.** |
| 2<br>3<br>4<br>5 | 4. Francesca Inzerillo stopped paying her mortgage in January 2013.<br><br>Christensen Decl., ¶ 9; Francesca Depo., at 37:11-17; 53:7-9. | Undisputed. |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13 | 5. When Francesca Inzerillo failed to pay by the January 1 due date, Green Tree placed courtesy calls to remind her to make the payment due by the end of the grace period (January 15).<br><br>Christensen Decl., ¶ 9. | Disputed. It was not a courtesy to call Francesca Inzerillo 98 times, her parents 17 times, and her tenant 6 times; nor was it a courtesy to threatened to change locks, threaten to deny short sale if payment not made, and threaten to send someone to property who will disturb tenant. Sprint Records show 98 calls to Francesca; Comcast Records show 17 calls to parents; Green Tree Collection Comment List shows 55 calls to Francesca, 12 calls to parents, and 6 calls to tenant Deborah Gavina. Francesca Inzerillo at deposition testified to over 50 calls and Angela Inzerillo testified to 10-12 calls. |
| 14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22 | | Declaration of Jim G. Price, Esq. ("Price Decl."), Ex. 1 ("Sprint Records"), Ex. 2 ("Comcast Records"), Ex. 3 ("Green Tree Collection Comment List"), Ex. 4 ("Francesca Depo"), (locks changed) 39:8-9; (over 50 calls) 65:3-6, 66:3-13; (deny short sale and foreclose) 67:16-23, 68:21-25, 154:12-18; (send people to property) 72:24-25, 73:1-5, 150:20-25; 151:1-7; (called parents and third parties) 166:22-24, 167:1-3; Ex. 5 ("Angela Depo") at 17:11-18; Declaration of Francesca Inzerillo ("Francesca Decl."), ¶¶ 2, 3, 4, 7, 8, 13; Declaration of Angela Inzerillo ("Angela Decl."), ¶¶ 4, 6. |
| 23<br>24<br>25<br>26<br>27 | | **<u>Defendant's Response and Objections</u>: This is not a genuine dispute. Plaintiffs have proffered no material facts (i) contro-verting the nature of or basis for the calls made by Green Tree or (ii) showing that the purported calls or statements were made *prior to the end of the January 2013 grace period*, which is the relevant timeframe for purposes of the fact cited by** |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| | | **Green Tree. As such, their dispute is purely semantic. Plaintiffs' controverting facts lack foundation and are irrelevant. Fed. R. Evid. 602; 401, 402.** |
| | 6. Francesca Inzerillo failed to make her January 2013 mortgage payment by the end of the grace period. She never made another payment.<br><br>Christensen Decl., ¶ 10; Francesca Depo., at 53:10-12. | Undisputed. |
| | 7. After Francesca Inzerillo failed to make her January 2013 mortgage payment by the end of the grace period, Green Tree continued to call her in order to resolve her account.<br><br>Christensen Decl., ¶ 11. | Disputed. Francesca Inzerillo had told Green Tree if you are not going to help me with a principal reduction or approve short sale then take the house back, but I cannot make any more payments. The loan was a purchase money loan. The lender's sole recourse upon default was to foreclose on the property. Instead Green Tree harassed Francesca Inzerillo, her parents and her tenant to make Francesca Inzerillo pay. Sprint Records show 98 calls to Francesca; Comcast Records show 17 calls to parents; Green Tree Collection Comment List shows 55 calls to Francesca, 12 calls to parents, and 6 calls to tenant Deborah Gavina. Francesca Inzerillo at deposition testified to over 50 calls and Angela Inzerillo testified to 10-12 calls.<br><br>Price Decl., Ex. 1 ("Sprint Records"), Ex. 2 ("Comcast Records"), Ex. 3 ("Green Tree Collection Comment List"), Ex. 4 ("Francesca Depo") (over 50 calls) 66:3-13, Ex. 5 ("Angela Depo") at 17:11-18, Francesca Decl., ¶¶ 2, 3, 4, 7, 8, 13.<br><br>**Defendant's Response and Objections: This is not a genuine dispute. Plaintiffs have proffered no material facts controverting the nature of or basis for the calls made by Green Tree. Plaintiffs' controverting facts regarding the number of calls are irrelevant. Fed. R. Evid. 401, 402.** |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | 8. Most of the time Francesca Inzerillo did not answer or return Green Tree's calls. | Undisputed that Francesca Inzerillo did not answer or return most of Green Tree's 98 calls to her in two months, but nevertheless, because she was required by her job to be available by phone she had to bear the repeated or continuous ringing of her phone caused by Green Tree. |
| 2 | | |
| 3 | Christensen Decl., ¶ 12; Francesca Depo., at 65:3-12. | |
| 4 | | |
| 5 | | |
| 6 | | Francesca Decl., ¶¶ 2, 3, 4, 9, 10. |
| 7 | | **Defendant's Response and Objections: This is not a material dispute. The reason Ms. Inzerillo did not answer or return most of Green Tree's calls is irrelevant to the fact that she did not answer or return the calls. Fed. R. Evid. 401, 402.** |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | 9. Plaintiffs ERASIMO A. INZERILLO AND ANGELA INZERILLO are the parents of Francesca Inzerillo. | Undisputed. |
| 12 | | |
| 13 | Compl., ¶ 4. | |
| 14 | 10. Erasimo A. Inzerillo and Angela Inzerillo were not parties to Francesca Inzerillo's loan with Green Tree. | Undisputed. |
| 15 | | |
| 16 | | |
| 17 | Christensen Decl., ¶¶ 6-7; see Compl., ¶ 4; Kenney Decl., Ex. B ("Erasimo Depo."), at 36:22-37:12; Ex. C ("Angela Depo."), at 39:19-40:7. | |
| 18 | | |
| 19 | | |
| 20 | 11. Erasimo A. Inzerillo and Angela Inzerillo have never had an open account with Green Tree or otherwise been indebted to Green Tree. Furthermore, Green Tree never attempted to collect a debt from Mr. and Mrs. Inzerillo or told them that they owed money to Green Tree. | Undisputed. |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | Christensen Decl., ¶ ; Erasimo Depo., at 36:22-37:22; Angela Depo., at 39:19-40:17. | |
| 25 | 12. On December 12, 2011, Francesca Inzerillo gave Green Tree verbal authorization to contact Angela Inzerillo regarding the account. | Disputed. Declarant Christy Christensen has no independent knowledge of this fact. The only supporting evidence is a cryptic note in the Green Tree Collection Comment List which is open to interpretation. Francesca |
| 26 | | |
| 27 | | |
| 28 | | |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | Christensen Decl., ¶ 8; Ex. A. | Inzerillo denies that she gave verbal authorization. |
| 2 | | |
| 3 | | Francesca Decl., ¶ 13. |
| 4 | | **Defendant's Response and Objections**: **This is not a genuine dispute. Ms.** |
| 5 | | **Christensen's declaration is based on her personal familiarity with and review of the** |
| 6 | | **Collection Comment List for the subject** |
| 7 | | **account. Christensen Decl., ¶¶ 2-8.** |
| 8 | 13. On occasion, when Francesca Inzerillo did not answer or return Green Tree's calls, Green | Disputed. Green Tree called third-parties to embarrass and humiliate Francesca Inzerillo. |
| 9 | Tree reached out to third parties, including her parents and her tenant, Deborah Gavina, in | As Green Tree's Director of Collections testified at deposition, she told tenant |
| 10 | order to locate her. | Deborah Gavina to tell Francesca Inzerillo to give her a call so that Francesca would know |
| 11 | Christensen Decl., ¶ 13. | Green Tree had been talking to her tenant. There was nothing Green Tree needed to |
| 12 | | discuss with Francesca Inzerillo. Green Tree had current location information on Francesca |
| 13 | | Inzerillo. Green Tree had been able to reach Francesca Inzerillo on her phone number of |
| 14 | | (925) 584-2740; Francesca Inzerillo had called into Green Tree on that number; Green |
| 15 | | Tree is not aware of any mail it sent to Francesca Inzerillo being returned. |
| 16 | | |
| 17 | | |
| 18 | | Price Decl., Ex. 6 ("Martinez Depo") at 6:6, 87:5-8, 88:14-17, 95:13-22, 127:13-25, 128:1- |
| 19 | | 14; Francesca Decl. ¶¶ 13, 14; Ex. 7 ("Hernandez Depo") at 54:7-17, 102:19-22. |
| 20 | | |
| 21 | | **Defendant's Response and Objections**: **This is not a genuine dispute. Plaintiffs'** |
| 22 | | **assertion that "Green Tree called third-parties to embarrass and humiliate** |
| 23 | | **Francesca Inzerillo" is purely speculative and lacks foundation, as is the assertion** |
| 24 | | **that "Green Tree had current location information on Francesca Inzerillo" when** |
| 25 | | **third parties were contacted. Fed. R. Evid. 602. The cited testimony of Renee** |
| 26 | | **Martinez is immaterial and irrelevant to Ms. Christensen's declaration that Green** |
| 27 | | **Tree reached out to third parties in order to locate Ms. Inzerillo. Fed. R. Evid. 401,** |
| 28 | | |

| | | |
|---|---|---|
| 1 | | 402. |
| 2 | 14. Third parties are typically located by "skip-tracing", which involves using an outside source or proprietary system to locate the contact by cross-referencing names, addresses or phone numbers believed to have been associated with the customer. Skip-tracing is a commonly-used method in the industry to locate third-party contacts.<br><br>Christensen Decl., ¶ 14. | Undisputed. |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | 15. Most of the time, Francesca Inzerillo's parents and tenant did not answer or return Green Tree's calls. In fact, Erasimo and Angela Inzerillo ignored most of the calls they received.<br><br>Christensen Decl., ¶ 15; see Angela Depo., 17:11-18:1. | Disputed. Francesca Inzerillo's parents could not ignore the phone calls. They would have to get up and go to the phone to see on caller ID that it was Green Tree calling again.<br><br>Angela Decl., ¶¶ 4, 6.<br><br>**Defendant's Response and Objections: This is not a genuine dispute. Plaintiffs' proffered evidence is immaterial and irrelevant to the fact that Ms. Inzerillo's parents and tenant did not answer or return most of Green Tree's calls. Fed. R. Evid. 401, 402.** |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | 16. Francesca Inzerillo's parents and tenant never verified Francesca Inzerillo's location information for Green Tree.<br><br>Christensen Decl., ¶ 15. | Undisputed. There was no need to verify. Green Tree had current location information on Francesca Inzerillo.<br><br>Martinez Depo. at 87:5-8; Hernandez Depo. at 54:7-17, 102:19-22.<br><br>**Defendant's Response and Objections: This is not a genuine dispute. Plaintiffs' proffered evidence is speculative and lacks foundation. Fed. R. Evid. 602. It is also immaterial and irrelevant to the fact that Ms. Inzerillo's parents and tenant never verified Ms. Inzerillo's location information for Green Tree. Fed. R. Evid. 401, 402.** |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | 17. Erasimo A. Inzerillo and Angela Inzerillo denied that the content of any of Green Tree's | Disputed. The cited testimony of Erasimo Inzerillo states that he was offended but could |
| 28 | | |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| communications with them was offensive.<br><br>Erasimo Depo., at 63:25-64:14; Angela Depo., at 23:16-19, 48:2-8. | not remember why.  Erasimo Inzerillo describes himself as "hot" or "mad".  Angela Inzerillo testified tone of collector's voice offended her and that "offended" is not a word she would use. Angela Inzerillo felt embarrassed and harassed and would get "a pit in her stomach" every time she talked to Green Tree.  She did not want to deal with them.  She was dealing with her husband's illnesses.<br><br>Price Decl., Ex. 9 ("Erasimo Depo") at 36:5-17, 63:25, 64:1-5, 66:8-15; Angela Depo. at 23:16-25, 48:9-25, 49:1-9; Angela Decl. ¶ 8.<br><br>**Defendant's Response and Objections: This is not a genuine dispute.  Mr. Inzerillo could not substantiate his testimony that he thought something the woman from Green Tree said was offensive.  In other words, Erasimo and Angela Inzerillo did not testify that the *content* of any of Green Tree's communications was offensive. Plaintiffs' proffered evidence is immaterial and irrelevant.  Fed. R. Evid. 401, 402.** |
| 18.  On February 21, 2013, Francesca Inzerillo advised Green Tree that she was represented by counsel.  Green Tree immediately placed a temporary hold on her account until it could verify her representation, which it did five days later.<br><br>Christensen Decl., ¶ 16. | Undisputed. |
| 19.  Green Tree has not placed any calls to Francesca Inzerillo, her parents or her tenant since February 21, 2013.<br><br>Christensen Decl., ¶ 16; see Francesca Depo., at 56:4-12, 57:16-58:14, 162:1-3. | Undisputed. |
| 20.  Each of Green Tree's employees responsible for collecting delinquent accounts (generally referred to collectively as "Collectors", but including managers and directors at all levels) undergoes significant | Disputed.  This statement of fact is compound as it contains numerous facts.  Plaintiffs dispute Green Tree trained and supervised its collectors on the Rosenthal Act.  Director of Collections, Rene Martinez, testified at |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| training and supervision in the performance of their work.<br><br>Christensen Decl., ¶ 17. | deposition she had never heard of Rosenthal Act. Collection Manager, Deeanna Glenn, testified she was not familiar with the Rosenthal Act here in California. Janelle Hernandez testified that she was trained at Green Tree to start calling third parties simply if they were unable to get ahold of the borrower. She also testified that she was trained to contact third parties more than once for location information.<br><br>Martinez Depo. at 21:5-7; Price Decl., Ex. 8 ("Glenn Depo") at 40:14-16; Hernandez Depo. at 62:18-25, 63:1-4, 119:8-11.<br><br>**Defendant's Response and Objections:**<br>**This is not a genuine dispute. Plaintiffs' proffered evidence does not controvert Ms. Christensen's declaration and is immaterial and irrelevant. Fed. R. Evid. 401, 402. Ms. Christensen declared that the initial training provided to the Collectors, including Ms. Martinez and Ms. Glenn, included training on "the content of the Rosenthal Act and its federal counterpart". Christensen Decl., ¶¶ 18, 21, 26. Plaintiffs' assertion that Green Tree's employees were not appropriately trained likewise is purely speculative and lacks foundation. Fed. R. Evid. 602.** |
| 21. The initial training provided to the Collectors consists of approximately one week in a classroom environment where dedicated personnel from the company's Compliance Department instruct the Collectors on such matters as how to use proprietary collection systems (like Green Tree's telephone and computer systems), the manner in which communications with customers and third parties should be conducted, the proper documentation of communications related to accounts, the content of the Rosenthal Act and its federal counterpart, the loss mitigation process as it relates to customer accounts, general legal compliance, and Green Tree's policies and procedures related to each of these subject matters. This training includes | Disputed. This statement of fact is compound as it contains numerous facts. Plaintiffs dispute Green Tree trained and supervised its collectors on the Rosenthal Act. Director of Collections, Rene Martinez, testified at deposition he had never heard of Rosenthal Act. Collection Manager, Deeanna Glenn, testified she was not familiar with the Rosenthal Act here in California. Janelle Hernandez testified that she was trained at Green Tree to start calling third parties simply if they were unable to get ahold of the borrower. She also testified that she was trained to contact third parties more than once for location information.<br><br>Martinez Depo. at 21:5-7; Glenn Depo. at |

| | | |
|---|---|---|
| 1 | interactive mentoring and testing on training materials. | 40:14-16; Hernandez Depo. at 62:18-25, 63:1-4, 119:8-11. |
| 2 | | |
| 3 | Christensen Decl., ¶ 18. | **Defendant's Response and Objections:** **This is not a genuine dispute. Plaintiffs'** |
| 4 | | **proffered evidence does not controvert Ms. Christensen's declaration and is** |
| 5 | | **immaterial and irrelevant. Fed. R. Evid. 401, 402. Ms. Christensen declared that** |
| 6 | | **the initial training provided to the Collectors, including Ms. Martinez and Ms.** |
| 7 | | **Glenn, included training on "the content of the Rosenthal Act and its federal** |
| 8 | | **counterpart". Christensen Decl., ¶¶ 18, 21,** |
| 9 | | **26. Plaintiffs' assertion that Green Tree's employees were not appropriately trained** |
| 10 | | **likewise is purely speculative and lacks** |
| 11 | | **foundation. Fed. R. Evid. 602.** |
| 12 | 22. Collectors receive follow-up training and testing on the same subjects covered in the initial session within 30 days. They—like all company employees—are also provided a hard copy training manual broken down into "modules," which covers all subjects addressed in the initial training. Employees can also access the training materials, as well as the company's policies and procedures, online. They are actually expected to do so if they have a question regarding handling of a particular account. | Disputed. This statement of fact is compound as it contains numerous facts. Plaintiffs dispute Green Tree trained and supervised its collectors on the Rosenthal Act. Director of Collections, Rene Martinez, testified at deposition he had never heard of Rosenthal Act. Collection Manager, Deeanna Glenn, testified she was not familiar with the Rosenthal Act here in California. Janelle Hernandez testified that she was trained at Green Tree to start calling third parties simply if they were unable to get ahold of the borrower. She also testified that she was trained to contact third parties more than once for location information. |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | Christensen Decl., ¶ 19. | |
| 21 | | Martinez Depo. at 21:5-7; Glenn Depo. at 40:14-16; Hernandez Depo. at 62:18-25, 63:1-4, 119:8-11. |
| 22 | | |
| 23 | | **Defendant's Response and Objections:** |
| 24 | | **This is not a genuine dispute. Plaintiffs'** **proffered evidence does not controvert Ms.** |
| 25 | | **Christensen's declaration and is** **immaterial and irrelevant. Fed. R. Evid.** |
| 26 | | **401, 402. Ms. Christensen declared that** **the initial training provided to the** |
| 27 | | **Collectors, including Ms. Martinez and Ms.** |
| 28 | | **Glenn, included training on "the content of** |

| | | |
|---|---|---|
| 1 | | the Rosenthal Act and its federal |
| 2 | | counterpart". **Christensen Decl., ¶¶ 18, 21, 26. Plaintiffs' assertion that Green Tree's** |
| 3 | | **employees were not appropriately trained** |
| 4 | | **likewise is purely speculative and lacks foundation. Fed. R. Evid. 602.** |

| | | |
|---|---|---|
| 5 | 23. Following the initial training session, new Collectors undergo on-the-job training, called "side-by-sides," during which Collectors "shadow" (i.e., work one-on-one with) Lead Collectors or Collection Managers to field and place calls on their accounts. This training also includes interactive mentoring by the senior employees regarding protocols for handling accounts.

Christensen Decl., ¶ 20. | Disputed. This statement of fact is compound as it contains numerous facts. Plaintiffs dispute Green Tree trained and supervised its collectors on the Rosenthal Act. Director of Collections, Rene Martinez, testified at deposition he had never heard of Rosenthal Act. Collection Manager, Deeanna Glenn, testified she was not familiar with the Rosenthal Act here in California. Janelle Hernandez testified that she was trained at Green Tree to start calling third parties simply if they were unable to get ahold of the borrower. She also testified that she was trained to contact third parties more than once for location information.

Martinez Depo. at 21:5-7; Glenn Depo. at 40:14-16; Hernandez Depo. at 62:18-25, 63:1-4, 119:8-11.

**Defendant's Response and Objections:**
**This is not a genuine dispute. Plaintiffs' proffered evidence does not controvert Ms. Christensen's declaration and is immaterial and irrelevant. Fed. R. Evid. 401, 402. Ms. Christensen declared that the initial training provided to the Collectors, including Ms. Martinez and Ms. Glenn, included training on "the content of the Rosenthal Act and its federal counterpart". Christensen Decl., ¶¶ 18, 21, 26. Plaintiffs' assertion that Green Tree's employees were not appropriately trained likewise is purely speculative and lacks foundation. Fed. R. Evid. 602.** |

| | | |
|---|---|---|
| 26 | 24. Established and veteran employees companywide perform ongoing training via online "modules" covering various topics including, without limitation, the following: | Disputed. This statement of fact is compound as it contains numerous facts. Plaintiffs dispute Green Tree trained and supervised its collectors on the Rosenthal Act. Director of |

| | |
|---|---|
| fair lending/servicing practices; money laundering; FCRA compliance; OFAC (Office of Foreign Assets Control) regulations; mortgage fraud; CFPB regulations; privacy issues; corporate principles; and FDCPA/State collection law compliance. This training occurs annually, with two or three modules required to be completed per quarter. Employees are reviewed on a "Pass/Fail" basis—i.e., they cannot progress until they pass each module. Managers (including Regional Managers) receive the same annual training as junior employees.

Christensen Decl., ¶ 21. | Collections, Rene Martinez, testified at deposition she had never heard of Rosenthal Act. Collection Manager, Deeanna Glenn, testified she was not familiar with the Rosenthal Act here in California. Janelle Hernandez testified that she was trained at Green Tree to start calling third parties simply if they were unable to get ahold of the borrower. She also testified that she was trained to contact third parties more than once for location information.

Martinez Depo. at 21:5-7; Glenn Depo. at 40:14-16; Hernandez Depo. at 62:18-25, 63:1-4, 119:8-11.

**Defendant's Response and Objections:**
**This is not a genuine dispute. Plaintiffs' proffered evidence does not controvert Ms. Christensen's declaration and is immaterial and irrelevant. Fed. R. Evid. 401, 402. Ms. Christensen declared that the initial training provided to the Collectors, including Ms. Martinez and Ms. Glenn, included training on "the content of the Rosenthal Act and its federal counterpart". Christensen Decl., ¶¶ 18, 21, 26. Plaintiffs' assertion that Green Tree's employees were not appropriately trained likewise is purely speculative and lacks foundation. Fed. R. Evid. 602.** |
| 25. Periodic progress reports are generated by the company's Compliance Department and sent to Regional and Collection Managers to monitor employees' job performance and compliance with training requirements. Employees in the Collections Department also have monthly quality assurance reviews with their supervisors to discuss their performance and areas for improvement. These reviews may be based in part on records of calls that are monitored or recorded by Green Tree—in compliance with state and federal laws—for quality assurance purposes. Additionally, employees' collection activities are subject to audit by Green Tree's Compliance Department at any time. The audits generally occur at | Disputed. This statement of fact is compound as it contains numerous facts. Plaintiffs dispute Green Tree trained and supervised its collectors on the Rosenthal Act. Director of Collections, Rene Martinez, testified at deposition he had never heard of Rosenthal Act. Collection Manager, Deeanna Glenn, testified she was not familiar with the Rosenthal Act here in California. Janelle Hernandez testified that she was trained at Green Tree to start calling third parties simply if they were unable to get ahold of the borrower. She also testified that she was trained to contact third parties more than once for location information. |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | random throughout the year. Employees determined to have committed violations of company policies and procedures are disciplined accordingly. Although they haves changed over time, the monitoring system and auditing process were and are used as training tools, and employees are made aware of their use in this regard.<br><br>Christensen Decl., ¶ 22. | Martinez Depo. at 21:5-7; Glenn Depo. at 40:14-16; Hernandez Depo. at 62:18-25, 63:1-4, 119:8-11.<br><br>**Defendant's Response and Objections:** **This is not a genuine dispute. Plaintiffs' proffered evidence does not controvert Ms. Christensen's declaration and is immaterial and irrelevant. Fed. R. Evid. 401, 402. Ms. Christensen declared that the initial training provided to the Collectors, including Ms. Martinez and Ms. Glenn, included training on "the content of the Rosenthal Act and its federal counterpart". Christensen Decl., ¶¶ 18, 21, 26. Plaintiffs' assertion that Green Tree's employees were not appropriately trained likewise is purely speculative and lacks foundation. Fed. R. Evid. 602.** |
| 13 | 26. Several of the employees involved with Francesca Inzerillo's account, including Janelle Hernandez and Renee Martinez, had long work histories in the area of customer service and/or debt collection prior to their employment with Green Tree.<br><br> Christensen Decl., ¶ 23; Kenney Decl., Ex. D ("Hernandez Depo."), at 6:13-7:2; Ex. E ("Martinez Depo."), at 5:21-6:7; Ex. F ("Glenn Depo."), at 14:4-22; Ex. G ("Martin Depo."), at 9:24-11:5. | Disputed. Evidence offered in support does not support facts stated. Declarant limits her testimony to her personal knowledge of employees' past employment history.<br><br>**Defendant's Response and Objections:** **This is not a genuine dispute. Green Tree's proffered evidence is relevant to the issue at hand. Moreover, the testimony from Green Tree's own employees cited by Green Tree establishes a foundation for the evidence proffered. Fed. R. Evid. 602.** |
| 20 | 27. None of the employees involved with Francesca Inzerillo's account were involved in incidents of harassment or customer abuse before they were hired by Green Tree or otherwise exhibited a history of unlawful debt collection activity during their experiences in the industry.<br><br>Christensen Decl., ¶ 24. | Disputed. Evidence offered in support does not support facts stated. Declarant limits her testimony to her personal knowledge of incidents of harassment.<br><br>**Defendant's Response and Objections:** **This is not a genuine dispute. Ms. Christensen has responsibility for supervision and oversight of all of Green Tree's collection activity in California, including the collection of Francesca Inzerillo's account. Christensen Decl., ¶4. She is familiar with the employees, including their character, job histories and** |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | | experience. |
| 2 | 28.  None of Green Tree's employees possessed any particular qualities when they were hired that would have put Green Tree on notice of a tendency to violate the law. | Disputed.  Evidence offered in support does not support facts stated.  Declarant limits her testimony to her personal knowledge of particular qualities of employees. |
| 3 | | |
| 4 | | |
| 5 | Christensen Decl., ¶ 25. | **Defendant's Response and Objections:** **This is not a genuine dispute.  Ms.** |
| 6 | | **Christensen has responsibility for** **supervision and oversight of all of Green** |
| 7 | | **Tree's collection activity in California,** **including the collection of Francesca** |
| 8 | | **Inzerillo's account.  Christensen Decl., ¶4.** **She is familiar with the employees,** |
| 9 | | **including their character, job histories and** **experience.** |
| 10 | | |
| 11 | | |
| 12 | 29.  Janelle Hernandez and Renee Martinez received training substantially consistent with the foregoing summary, as did the other employees involved with Francesca Inzerillo's account. | Disputed.  This statement of fact is compound as it contains numerous facts.  Plaintiffs dispute Green Tree trained and supervised its collectors on the Rosenthal Act.  Director of Collections, Rene Martinez, testified at deposition she had never heard of Rosenthal Act.  Collection Manager, Deeanna Glenn, testified she was not familiar with the Rosenthal Act here in California.  Janelle Hernandez testified that she was trained at Green Tree to start calling third parties simply if they were unable to get ahold of the borrower.  She also testified that she was trained to contact third parties more than once for location information. |
| 13 | | |
| 14 | | |
| 15 | Christensen Decl., ¶ 26. | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | Martinez Depo. at 21:5-7; Glenn Depo. at 40:14-16; Hernandez Depo. at 62:18-25, 63:1-4, 119:8-11. |
| 22 | | |
| 23 | | **Defendant's Response and Objections:** **This is not a genuine dispute.  Plaintiffs'** |
| 24 | | **proffered evidence does not controvert Ms.** **Christensen's declaration and is** |
| 25 | | **immaterial and irrelevant.  Fed. R. Evid.** **401, 402.  Ms. Christensen declared that** |
| 26 | | **the initial training provided to the** **Collectors, including Ms. Martinez and Ms.** |
| 27 | | **Glenn, included training on "the content of** |
| 28 | | |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | | **the Rosenthal Act and its federal counterpart". Christensen Decl., ¶¶ 18, 21, 26. Plaintiffs' assertion that Green Tree's employees were not appropriately trained likewise is purely speculative and lacks foundation. Fed. R. Evid. 602.** |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | 30. Green Tree was never made aware of any actual or alleged offensive conduct by Janelle Hernandez, Renee Martinez, or any of its other employees who worked on Francesca Inzerillo's account until this lawsuit was filed. | Disputed. Green Tree had known of acts of Janelle Hernandez, Rene Martinez, and other employees in its Collection Comment List. In her declaration, Christy Christensen identifies the Collection Comment List as a business record and relied upon by Green Tree. A review of that business record showed Green Tree the offensive conduct of its employees and in particular that Francesca Inzerillo complained of harassment on 2/21/13, long before lawsuit commenced. |
| 6 | | |
| 7 | | |
| 8 | Christensen Decl., ¶ 27. | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | Christensen Decl., ¶¶ 2-5; Green Tree Collection Comment List; Francesca Decl., ¶ 16. |
| 13 | | |
| 14 | | **Defendant's Response and Objections:** |
| 15 | | **This is not a genuine dispute. Plaintiffs' proffered evidence does not controvert Ms. Christensen's declaration and is immaterial and irrelevant. Fed. R. Evid. 401, 402. In particular, Plaintiffs' assertion that Green Tree "had known of acts of Janelle Hernandez, Rene Martinez, and other employees in its Collection Comment List" does not establish that Green Tree was ever "made aware of any actual or alleged offensive conduct" by any of its employees. Plaintiffs' assertion that the Collection Comment List demonstrates "offensive conduct" is purely speculative. Fed. R. Evid. 602.** |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | 31. Each Plaintiff has denied having any information or knowledge about how Green Tree trains and supervises its employees. | Undisputed. |
| 25 | | |
| 26 | | |
| 27 | Francesca Depo., at 188:21-189:7; Erasimo Depo., at 66:18-67:5; Angela Depo., at 49:21-50:3. | |
| 28 | | |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | 32. Each Plaintiff has denied having any information or knowledge about Green Tree's internal policies and procedures or training methods.<br><br>See Francesca Depo., at 188:21-25; Erasimo Depo., at 67:9-12; Angela Depo., at 50:18-21. | Undisputed. |
| 6<br>7<br>8<br>9<br>10 | 33. Each Plaintiff has denied having any information or knowledge that any of Green Tree's employees involved with Francesca Inzerillo's account were unfit to perform their job duties.<br><br>Francesca Depo., at 190:17-21; Erasimo Depo., at 67:6-8; Angela Depo., at 50:4-17. | Undisputed. |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22 | 34. None of the Plaintiffs ever specifically complained to Green Tree about any of its employees' alleged conduct prior to initiating this lawsuit.<br><br>Christensen Decl., ¶ 28. | Disputed. On February 21, 2013, Francesca Inzerillo called and advised Green Tree that she had been harassed by Green Tree.<br><br>Green Tree Collection Comment List; Francesca Decl., ¶ 16.<br><br>**Defendant's Response and Objections:**<br>**This is not a genuine dispute. Plaintiffs' proffered evidence does not controvert Ms. Christensen's declaration and is immaterial and irrelevant. Fed. R. Evid. 401, 402. Ms. Inzerillo declares that she told Green Tree that she hired an attorney because Green Tree was harassing her. Francesca Decl., ¶ 16. She does not declare that she ever specifically complained to Green Tree about any of its employees' alleged conduct prior to initiating this lawsuit.** |
| 23<br>24<br>25<br>26<br>27<br>28 | 35. In or about late May 2014, Green Tree received notice of a dispute by Francesca Inzerillo regarding information Green Tree reported to the major credit bureaus in connection with her account. Specifically, Francesca Inzerillo disputed the current balance reported by Green Tree: $359,282.00 as of March 31, 2014. Ms. Inzerillo contended that the reporting should reflect a $0 balance | Undisputed. |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| because the subject property had been sold at a foreclosure sale in October 2013.<br><br>Declaration of Sara Bailey ("Bailey Decl."), ¶ 5. | |
| 36. Upon receipt of Francesca Inzerillo's credit dispute, a Green Tree employee reviewed information related to Francesca Inzerillo's account, including previous service request history, credit bureau dispute history, payment history, account change history and other miscellaneous information regarding the disposition of the subject property, including whether or not the property had been sold in foreclosure and subsequently re-sold. Each of these records is made at or about the time of the information reflected therein by Green Tree employees in the regular course of their duties, and the information therein contained comprise business records regularly relied upon by Green Tree with regard to that information.<br><br>Bailey Decl., ¶¶ 6-7. | Undisputed. |
| 37. The account status as shown in the credit bureau dispute history for Green Tree accounts is reflected by "Payment History Codes." Each code is a unique number which reflects specific information regarding the status of the account. The credit bureau dispute history for Francesca Inzerillo's account reflected that, as of April 30, 2013, the account status was "Foreclosure" (Code 87) because a non-judicial foreclosure was pending. As of October 31, 2013, the status was changed to "Repo" (Code 96) because the property was awaiting re-sale in Green Tree's Repossession Department. The account remained open, and the status was reported to the credit bureaus accordingly. The status remained "Repo" as of May 31, 2014.<br><br>Bailey Decl., ¶ 8. | Undisputed. |
| 38. On June 6, 2014, Green Tree sent an Automated Universal Dataform ("AUD") to the credit bureaus to reflect that Francesca | Undisputed. |

16
DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| Inzerillo's account was in dispute. The AUD reflected a current balance of $359,282.00, and the account status showed as "96" (for "Repo"), stating "Merchandise was repossessed by credit grantor; there may be a balance due". <br><br> Bailey Decl., ¶ 9; Ex. A. | |
| 39. On June 14, 2014, Green Tree sent a letter to Francesca Inzerillo to formally respond to her credit dispute. The letter states, in part, "A foreclosure sale has not yet been completed for the property associated with this account. Thus, you are still obligated for the debt under the terms of the enclosed account. Because the account is still undergoing the foreclosure process, the account remains open." The letter further stated that "the information reported regarding the above-referenced account is true and correct according to account records." <br><br> Bailey Decl., ¶ 10; Ex. B. | Undisputed. |
| 40. The foreclosure sale on Francesca Inzerillo's account had been completed as of October 4, 2013. <br><br> Bailey Decl., ¶ 11. | Undisputed. |
| 41. The statement in Green Tree's June 14, 2014 letter, "A foreclosure sale has not yet been completed…." was intended as a reference to the fact that the property was still awaiting re-sale post-foreclosure—not an intentional misstatement as to whether or not a foreclosure sale had occurred. <br><br> Bailey Decl., ¶ 11. | Disputed. Defendant admits in Fact #40 that the foreclosure sale was completed as of October 4, 2013. <br><br> **Defendant's Response and Objections: This is not a genuine dispute. Plaintiffs' proffered evidence is immaterial and irrelevant. Fed. R. Evid. 401, 402. Although Ms. Bailey declared that the foreclosure sale had been completed as of October 4, 2013, she declared that she intended her letter to have a different meaning. Plaintiffs have not referenced any specific admissible portion of the record as a basis to controvert Green Tree's proffered evidence regarding Ms. Bailey's intent.** |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| 42. The statement in Green Tree's June 14, 2014 letter that the "foreclosure process" was still pending was a true statement, based on the credit bureau dispute history for Francesca Inzerillo's account and Green Tree's reporting practices then in effect. The same is true of the statement on the June 6 AUD, "Merchandise was repossessed by credit grantor; there may be a balance due."<br><br>Bailey Decl., ¶ 11. | Disputed. Defendant admits in Fact #40 that the foreclosure sale was completed as of October 4, 2013. At that point the foreclosure process was complete. There was no merchandise. The security for the loan was real property.<br><br>**Defendant's Response and Objections: This is not a genuine dispute. Plaintiffs' proffered evidence is immaterial and irrelevant. Fed. R. Evid. 401, 402. Although Ms. Bailey declared that the foreclosure sale had been completed as of October 4, 2013, she declared that the term "foreclosure process" had a different meaning. Plaintiffs have not referenced any specific admissible portion of the record as a basis to controvert Green Tree's proffered evidence regarding Ms. Bailey's intent.** |
| 43. On September 12, 2014 and October 13, 2014, Green Tree sent AUDs to the credit bureaus to reflect that the foreclosure was completed and the account closed as of October 13, 2014, reflecting a $0 balance and $0 payment due.<br><br>Bailey Decl., ¶ 12; Ex. C. | Undisputed. |
| 44. Francesca Inzerillo did not reside in California between November 2012 and September 2014. She has not resided in California since approximately June 2009. She currently resides in Wilmington, Delaware.<br><br>Francesca Depo., at 18:10-18, 21:7-25, 46:1:25. | Disputed. Francesca Inzerillo temporarily did not reside in California between November 2012 and September 2014, but she still is a resident of California and had and has the present intent to return. She has a California driver's license; her taxes are prepared in California; she has a California teacher's credential; she has a Contra Costa County Library card; and receives mail in California.<br><br>Francesca Decl., ¶ 15.<br><br>**Defendant's Response and Objections: This is not a genuine dispute. Plaintiffs do not dispute that Ms. Inzerillo did not reside in California between November 2012 and September 2014. Plaintiffs' proffered** |

| | |
|---|---|
| | evidence regarding is immaterial and irrelevant on this issue. **Fed. R. Evid. 401, 402.** Meanwhile, Plaintiffs have not referenced any specific admissible portion of the record as a basis to dispute that Ms. Inzerillo has not resided in California since approximately June 2009 and that she currently resides in Wilmington, Delaware. Notwithstanding, the dispute is immaterial because Green Tree has withdrawn its argument that the Rosenthal Act does not apply to Ms. Inzerillo in this case. |
| 45. Francesca Inzerillo was employed while residing outside California.<br><br>Francesca Depo., at 18:19-23, 20:20-21:3, 22:15-17, 46:24-47:5. | Undisputed. |

## REPLY TO PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS

Green Tree also submits the following reply to Plaintiffs' statement of additional facts which Plaintiffs contend preclude summary judgment.

| PLAINTIFFS' UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 46. During January and February 2013, Green Tree called Francesca Inzerillo 98 times. Green Tree's Collection Comment List shows 55 calls.<br><br>Francesca Decl., ¶¶ 2-4; Price Decl., Ex. 2 ("Comcast Records"), Ex. 4 ("Green Tree Collection Comment List"). | Disputed. The proffered evidence does not support the fact asserted. The Comcast records cited by Plaintiffs ostensibly reflect calls to Ms. Inzerillo's parents, not Ms. Inzerillo, who declared that her phone provider was Sprint. The Sprint records reflect fewer than 98 calls to Ms. Inzerillo from the numbers listed in Ms. Inzerillo's Declaration during the relevant time period. However, this dispute is immaterial and irrelevant to the issues before the court since the Plaintiffs did not answer or return most of the calls attempted by Green Tree, such that the parties' actual contacts were negligible. Fed. R. Evid. 401, 402.<br><br>Francesca Decl., ¶¶ 2-4; Price Decl., Ex. 1 ("Sprint Records"). Christensen Decl., ¶¶ 12, 15; Francesca Depo., at 65:3-12; Angela |

| | | |
|---|---|---|
| 1 | | Depo., 17:11-18:1. |
| 2<br>3<br>4<br>5 | 47. Green Tree made repeated and continuous calls to Francesca Inzerillo.<br><br>Francesca Decl., ¶¶ 2-4; Price Decl., Ex. 2 ("Comcast Records"), Ex. 4 ("Green Tree Collection Comment List"). | Undisputed that Green Tree placed calls to Plaintiffs on more than one occasion.<br><br>Francesca Decl., ¶¶ 2-4; Price Decl., Ex. 1. |
| 6<br>7<br>8<br>9<br>10<br>11 | 48. Green Tree's collector Janelle Hernandez threatened that if a payment was not made the locks would be changed on the house.<br><br>Francesca Decl., ¶ 8; Francesca Depo. (locks changed) at 39:8-9, 65:3-6. | Disputed. Ms. Hernandez specifically denied making such a threat in her deposition. However, the dispute is immaterial and irrelevant, given the nature of the alleged threat. Fed. R. Evid. 401, 402.<br><br>Supplemental Declaration of Austin B. Kenney ("Supp. Kenney Decl."), Ex. C ("Hernandez Decl."), p. 91:18-21. |
| 12<br>13<br>14<br>15<br>16 | 49. Green Tree's Director of Collections Rene Martinez threatened that if a payment was not made she would send someone to the property who would disturb the tenant.<br><br>Francesca Decl., ¶ 8; Francesca Depo. at 72:24-25, 73:1-5, 150:20-25, 151:1-7. | Disputed. Ms. Martinez testified that she could not recall making any such statement to Ms. Inzerillo. However, the dispute is immaterial and irrelevant, given the nature of the alleged threat. Fed. R. Evid. 401, 402.<br><br>Supp. Kenney Decl., Ex. D ("Martinez Decl."), p. 116:10-18. |
| 17<br>18<br>19<br>20<br>21 | 50. Green Tree's Director of Collections Rene Martinez threatened that if a payment was not made she would personally see to it that the short sale was denied and it was foreclosed upon.<br><br>Francesca Decl., ¶ 8; Francesca Depo. at 67:16-23, 68:21-25, 154:12-18. | Disputed. Ms. Martinez specifically denied making such a threat in her deposition. However, the dispute is immaterial and irrelevant, given the nature of the alleged threat. Fed. R. Evid. 401, 402.<br><br>Supp. Kenney Decl., Ex. D, p. 107:17-20. |
| 22<br>23<br>24<br>25 | 51. In January and February 2013, Green Tree had current contact information on Francesca Inzerillo.<br><br>Francesca Decl., ¶ 14. | This is not a genuine issue of material fact. Plaintiffs' proffered evidence is purely speculative and lacks foundation as to what information Green Tree actually possessed. Fed. R. Evid. 602. |
| 26<br>27<br>28 | 52. In January and February 2013, Francesca Inzerillo was a resident of California.<br><br>Francesca Decl., ¶ 15. | This is not a genuine issue of material fact. Green Tree has already established, and Francesca Inzerillo has admitted, that she did not reside in California between November |

| | |
|---|---|
| | 2012 and September 2014; that she has not resided in California since approximately June 2009; and that she currently resides in Wilmington, Delaware. *See* ¶ 44, above. Plaintiffs' proffered evidence is irrelevant on this issue. Fed. R. Evid. 401, 402. Notwithstanding, the dispute is immaterial because Green Tree has withdrawn its argument that the Rosenthal Act does not apply to Ms. Inzerillo in this case. |
| 53. In January and February 2013, Green Tree called Erasimo and Angela Inzerillo 12-17 times.<br><br>Angela Depo. at 17:11-18; Angela Decl., ¶ 6; Price Decl., Ex. 2 ("Comcast Records"), Ex. 4 ("Green Tree Collection List"). | Undisputed. However, this fact is irrelevant and immaterial because most of the calls did not result in contact. *See* ¶ 15, above; Fed. R. Evid. 401, 402. |
| 54. Erasimo and Angela Inzerillo are elderly and retired. Mr. Inzerillo is in poor health and has difficulty walking. He suffers from congestive heart failure, kidney failure and must go to dialysis 3 times a week.<br><br>Angela Decl., ¶ 5. | Undisputed. However, this fact is irrelevant and immaterial, absent evidence that Green Tree knew or had reason to know about the Plaintiffs' age and medical condition, of which there is none. Fed. R. Evid. 401, 402. |
| 55. When Green Tree first called Mr. and Mrs. Inzerillo, Angela told the collector not to call their house. She knew nothing about the account.<br><br>Angela Decl., ¶ 4. | Undisputed. However, this fact is irrelevant and immaterial, absent evidence that Green Tree intentionally or consciously disregard the instruction, of which there is none. Fed. R. Evid. 401, 402. |
| 56. Despite being told not to call, Green Tree continued to call disrupting Mr. Inzerillo from his needed rest and forcing him to get up and make a difficult walk to answer the phone.<br><br>Angela Decl., ¶ 6. | This is not a genuine issue of material fact. Mrs. Inzerillo's declaration regarding her husband's condition lacks foundation, as does her insinuation that Green Tree "forced" her husband to answer the calls. Fed. R. Evid. 602. It is also noteworthy that Mrs. Inzerillo does *not* allege that she herself was "forced" to answer the calls. |
| 57. The phone calls from Green Tree made Mr. Inzerillo angry and offended him. The calls were emotionally upsetting. When Mrs. Inzerillo would talk to Green Tree, she would | This is not a genuine issue of material fact. Mrs. Inzerillo's declaration regarding her husband's emotional state is purely speculative and lacks foundation. Fed. R. |

| | | |
|---|---|---|
| 1 | get a pit in her stomach. | Evid. 602.  Plaintiffs also misconstrue Mr. Inzerillo's deposition testimony, wherein he actually testified that he could not recall anything that the woman he spoke to from Green Tree said that he thought was offensive.  *See* ¶ 17, above. |
| 2 | Angela Decl., ¶ 8; Erasimo Depo. at 36:5-17, 63:25, 64:1-5, 66:8-15, Angela Depo. at 23:16-25, 48:9-25, 49:1-9. | |
| 3 | | |
| 4 | | |
| 5 | 58.  Green Tree told Angela Inzerillo that Francesca Inzerillo was behind in payments. | This is not a genuine issue of material fact.  Plaintiffs' proffered evidence does not support the fact asserted.  The cited testimony establishes only that Green Tree told Angela Inzerillo that Francesca Inzerillo "had a late payment". |
| 6 | Angela Depo. at 23:5-15. | |
| 7 | | |
| 8 | | |
| 9 | 59.  Green Tree discussed the status of the property with Plaintiff's tenant, Deborah Gavina. | This is not a genuine issue of material fact.  Plaintiffs' proffered evidence does not support the fact asserted.  The cited testimony does not refer at all to "property status". |
| 10 | | |
| 11 | Martinez Depo. at 127:13-25, 128:1-14 | |
| 12 | | |
| 13 | 60.  The harassment by Defendant was so severe that it sent Plaintiff to the hospital.  Plaintiff had a three-day migraine headache and had to go to the emergency room for an injection and was sent home where she recuperated through the next day. | Undisputed. |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | Francesca Decl., ¶ 12. | |
| 18 | 61.  Defendant committed all of the abusive collection acts (except the mailing of several collection letters) from its facility in Rancho Cucamonga, CA. | This is not a genuine issue of material fact.  Green Tree admits that the collection calls to the Plaintiffs originated from its Rancho Cucamonga facility. |
| 19 | | |
| 20 | | |
| 21 | Christensen Decl., ¶¶ 4, 11, 12, 13, 17, lines 21-22. | |
| 22 | | |
| 23 | 62.  Green Tree's own Director of Collections, Rene Martinez, testified under oath that she had "never heard of anything called the Rosenthal Act." | This is not a genuine issue of material fact.  Plaintiffs misconstrue Ms. Martinez's testimony.  She actually testified that she was aware of California laws that she was required to follow.  *See* Supp. Kenney Decl., Ex. D, p. 21:5-10.  Notwithstanding, facts asserted are irrelevant to the issues before the court because Ms. Christensen's declaration established that the employees were trained on the Rosenthal Act, regardless of whether |
| 24 | | |
| 25 | Martinez Depo. at 21:5-7 | |
| 26 | | |
| 27 | | |
| 28 | | |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | the employees could actually remember the name of the Act. Christensen Decl., ¶¶ 20, 21, 22, 24, 29; Fed. R. Evid. 401, 402. |
| 63. Green Tree's own Collection Manager, Deeanna Glenn testified that she was not familiar with the Rosenthal Act.<br><br>Glenn Depo. at 40:14-16 | This is not a genuine issue of material fact. Plaintiffs misconstrue Ms. Glenn's testimony. She actually testified that *her memory would need to be refreshed* as to whether she was familiar with the Rosenthal Act and that she merely *could not recall* whether she had ever received any training on it. *See* Supp. Kenney Decl., Ex. E ("Glenn Depo."), p. 40:14-19. Notwithstanding, facts asserted are irrelevant to the issues before the court because Ms. Christensen's declaration established that the employees were trained on the Rosenthal Act, regardless of whether the employees could actually remember the name of the Act. Christensen Decl., ¶¶ 20, 21, 22, 24, 29; Fed. R. Evid. 401, 402. |
| 64. Green Tree employees Rene Martinez, Deeanna Glenn and Janelle Hernandez all testified that they had been trained at Green Tree to skip trace and start calling third parties on the collection of a debt when the borrower did not answer their call, even though they had current contact information on the borrower.<br><br>Martinez Depo. at 53:10-22, Glenn Depo. at 66:25, 67:1-3, Hernandez Depo. at 62:18-25, 63:1-4, 119:8-11 . | This is not a genuine issue of material fact. Plaintiffs misconstrue the testimony of Green Tree's employees. In particular, Ms. Hernandez explained that employees could not know if contact information for a customer was "current" if the customer did not answer calls and so third-party calls would be placed to locate the customer. Additionally, Ms. Hernandez did not testify that employees were trained to contact third parties more than once under all circumstances, as Plaintiffs suggest. Rather, she testified that she was trained to contact third parties more than once for location information "*if we had no contact with them,*" which is perfectly acceptable under the FDCPA. Notwithstanding, how the employees were trained in this regard is irrelevant because the law allows third-party contacts under these circumstances. Fed. R. Evid. 401, 402. Additionally, Plaintiffs have not established that Green Tree actually did have current contact information for Francesca Inzerillo when any third parties were called on her account. Plaintiffs' assertion to the contrary is speculative and |

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT

| | |
|---|---|
| | lacks foundation as to what information Green Tree actually possessed. Fed. R. Evid. 602. |
| 65. Defendant also harassed Plaintiff's parents calling them as much as 17 times and calling her tenant 6 times.<br><br>Ex. 2 (Comcast Records), Francesca Decl., ¶ 2 | Undisputed that Green Tree placed the calls alleged. However, this fact is immaterial and irrelevant to the issues before the Court, since the majority of calls did not result in contact. *See* ¶ 15, above; Fed. R. Evid. 401, 402. |

DATED: November 20, 2014      Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation


By:     /s/ Austin B. Kenney
               Austin B. Kenney

Attorneys for Defendant
GREEN TREE SERVICING LLC

DEFENDANT GREEN TREE SERVICING LLC'S REPLY STATEMENT OF FACTS IN SUPPORT OF MOTION
FOR PARTIAL SUMMARY JUDGMENT